**TUROFF, Plaintiff-Appellee v. RICHMAN et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19813. Decided Dec. 11, 1944.

A. H. Dudnik, Cleveland, for plaintiff-appellee.

McKeehan, Merrick, Arter & Stewart, Cleveland, for defendants-appellants.

**6**

## OPINION

By SKEEL, J.

The plaintiff was a tenant in defendant's apartment house located on East 106th Street in the City of Cleveland. The suite occupied by the plaintiff was on the first floor. There were two entrances. The front entrance was through a vestibule on the front of the building facing East 106th Street and the rear entrance was from the kitchen through an areaway which led to the north side of the building. There was a wide driveway maintained by the defendant for the use of all the tenants of the building and their invitees, along the north side of the building leading from the street to the garages in the rear. This driveway was used by pedestrians going to and from the rear entrance to the plaintiff's suite and others similarly situated.

On the morning of January 7, 1943, at about ten o'clock, the plaintiff left her suite by the rear door to go shopping. She passed through the areaway to the said driveway and then started to walk toward the street. She had not taken more than a step or two when she slipped and was thereby injured.

At the time of the fall the driveway was covered with snow. It had been snowing for a week or more and on the night before the accident about two inches of snow had fallen. The plaintiff claims that under the newly fallen snow the driveway was covered with ice.

The defendant had not cleaned the ice and snow from the driveway and automobile traffic had packed it down, in driving to and from the garages. The plaintiff had used the driveway in going to and from her rear entrance at least once every day for at least a week preceding the day of the accident. Upon trial the jury returned a verdict for the plaintiff.

There is no claim in this case that there was any defect in the construction of the driveway or that it was maintained in a dangerous condition, except as to such dangers as were created by the natural accumulation of ice and snow.

It is the claim of the plaintiff that the defendants were negligent in failing to remove from the driveway the ice and snow that had accumulated there from natural causes and that such negligence on their part was the proximate cause of her injuries.

There seems to be no reported case in Ohio dealing with this question, although the rule with regard to the accumulation of ice and snow from natural causes on public sidewalks is well settled in this State.

In the case of **Chase v City of Cleveland, 44 Oh St 505,** the court held:

"In a suit against a municipal corporation to recover for injuries occasioned by falling upon a slippery sidewalk, allegations in the petition which aver that the defendant is a city of the first class; that the street where the accident occurred is a public highway within the corporate limits; that upon a sidewalk in front of property of a private owner, the city negligently suffered ice and frozen snow to accumulate and for a number of days to be beaten smooth and slippery, and for that reason dangerous to those passing along it, and to so remain for some days, of which condition the city had or might have informed itself in time to have made the sidewalk safe before the accident, are not sufficient to show negligence." See also, **City of Norwalk v Tuttle, 73 Oh St 242.**

Likewise, the Ohio courts have considered the question of the liability of the abutting property owner for failure to remove ice and snow from the public sidewalk in front of his premises, in violation of the provisions of a city ordinance. In all of these cases the courts have held that the violation of such an ordinance does not give rise to a cause of action against the property owner for injuries sustained by one who is injured by slipping and falling on such icy sidewalk.

**29 O. Jur. 438, ¶42:**
"In ordinance cases, a limitation upon the general rule that the violation of a statute or ordinance is negligence per se, has been suggested. It is declared that the rule that the violation of a statute or ordinance is negligence per se is limited to cases of active conduct and that it does not apply where the conduct of defendant is entirely passive. Accordingly, it does not apply where the defendant fails to remove snow from the sidewalk in violation of a municipal ordinance."

And in **Steinbeck v The John Hauck Brewing Company 7 Oh Ap 18,** the court held:

"An owner who fails to remove ice from a sidewalk extending along his premises, where same was formed thereon by natural causes and without any act or fault on his part, or fails to make said sidewalk safe by covering the same with sand or some other suitable substance, is not liable in damages to

one who sustains injuries by falling upon such icy sidewalks, even though a city ordinance required such owner to remove the ice from such sidewalk, or cover the same with sand, and provided a penalty for failure so to do."

Should there be a different rule applied to the owner of private property where such owner by operation of law or because of contractual obligations is under the legal duty to maintain his property in a reasonably safe condition for the benefit of others lawfully upon the property? We think not.

In cases where there is no act on the part of the landlord creating a greater danger than was brought about by natural causes the dangers that are created by the elements such as forming of ice and the falling of snow, are universally known and unless the landlord has contracted to provide against these dangers, all persons on his property must assume the burden of protecting themselves therefrom.

This rule, which is sustained by the greater weight of authority, is stated as follows in 25 A.L.R. 1301.

"Ordinarily, the landlord of premises leased to different tenants who use in common the approaches thereto, and the halls and stairways, is not liable for accumulations of snow and ice due to natural causes and hence is not liable for injuries to persons using these portions of the premises, due to accumulations of this character."

In the case of Bell vs Siegel, 242 Mass. 380, the court had before it an action where a tenant was seeking damages because of injuries sustained in a fall, caused by ice that had formed on the front steps, said steps being for the common use of both the landlord and the tenant. The syllabus is as follows:

"In an action by a tenant against the owner of a two-story dwelling house, the upper floor of which was occupied by the plaintiff as a tenant at will and the lower floor by the defendant, for personal injuries caused by slipping on a natural accumulation of snow and ice upon the front steps of the house, which were used in common by the plaintiff and by the defendant, it appeared that the defendant had gratuitously promised the plaintiff to clear and take care of the

steps, and had so taken care of them for a few times before the accident but not immediately before it, and that there was no contractual obligation upon the defendant to keep the premises safe for use. It did not appear that the condition of the ice was caused by any negligence or wrongful act of the defendant. **Held** that:

(1) The relation of landlord and tenant imposed on the defendant no duty to remove from the steps ice naturally accumulated thereon;

(2) The defendant was not liable unless his failure to remedy the dangerous condition was evidence of gross negligence.

(3) The existing condition not being a hidden defect nor the result of a positive act and at most being the consequence of inaction, in the circumstances the failure to remove the ice and snow, although it had been upon the steps some days, did not constitute gross negligence."

Also, in the case of Oerter v Ziegler, 59 Wash. 451, 109 Pacific 1058 (1910) (Supreme Court of Washington) the court said on page 1059:

"On the other hand, the weight of authority holds that, where different portions of a building are leased to different tenants, the lardlord must use due diligence to keep the passage-ways and such parts of the building as are used by the different tenants in common, in a reasonably safe condition, and is liable in damages for a failure so to do. 18 Am. Enc. of Law (2nd Ed) p. 220. This obligation however, only extends to general repairs and does not impose on the landlord a liability for injuries resulting from temporary obstructions arising from natural causes, such as the accumulation of ice or snow. Woods v Naumkeag Steam Cotton Co. 134 Mass. 357; 45 Am. Rep. 344; Purcell v English, 86 Ind. 34; 44 Am. Rep. 255; Sawyer v McGillicuddy, 81 Me. 318, 17 Atl. 124, 3 L. R. A. 458, 10 Am. St. Rep. 260."

We conclude therefore that the trial court committed prejudicial error in overruling defendants motion for judgment on the pleadings and opening statement of plaintiff, and also overruling defendants motion for a directed verdict

at the end of plaintiff's case and at the conclusion of the taking of all of the evidence in the case, and also in overruling defendants motion for a judgment notwithstanding the verdict.

The judgment of the Common Pleas Court is reversed and final judgment rendered for the defendants.

MORGAN, P. J., and LEIGHLEY, J., concur.