of proving that the time consumed was unreasonable. No burden rested upon the defendant.

Defendant's counsel urge error in that the court failed to qualify the restraint that would constitute false imprisonment by the adjective, "unlawful," or, "illegal." The court used the qualifying phrase, "against her will," and it is asserted that any restraint of one private person by another is unlawful or illegal, and, therefore, the expressions have the same meaning. We are not prepared to concur with plaintiff in this position, but in view of our conclusion that in no true legal sense could the plaintiff be said to have been either unlawfully restrained or restrained against her will, it becomes unnecessary to decide the point.

For these reasons, the judgment is reversed and final judgment entered for the defendant.

*Judgment reversed.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.

WISE, APPELLANT, *v.* THE GREAT ATLANTIC & PACIFIC TEA CO., APPELLEE.

(No. 4855—Decided February 27, 1953.)

*Mr. Dale D. Rapp* and *Mr. Joseph H. Carpenter,* for appellant.

*Messrs. Wright, Harlor, Purpus, Morris & Arnold,* for appellee.

WISEMAN, P. J.   This is an appeal on questions of law from a judgment of the Common Pleas Court sustaining a demurrer to plaintiff's petition, and, plaintiff electing not to plead further, dismissing the action. The sole assignment of error is that the court erred in sustaining the demurrer.

Plaintiff alleged that the defendant company, in connection with its store, maintained a parking lot on adjoining premises, the surface of which was black-topped.   Plaintiff alleged that on the day in question she was a patron in the store and after having made some purchases was crossing the parking lot when she slipped and fell on ice, causing her injuries.   The plaintiff complains that the defendant was negligent in permitting the ice to accumulate and remain on such parking lot for an unreasonable period of time; that the defendant had knowledge of such accumulation and that it created an existing hazard for defendant's patrons, but, nevertheless, permitted such hazard to exist; and that the defendant knew that the plaintiff in leaving its store had to walk upon such ice but failed to warn the plaintiff of the dangerous and hazardous condition.

The trial court relied on *Turoff* v. *Richman,* 76 Ohio App., 83, 61 N. E. (2d), 486.   In that case the facts are set forth in the opinion, beginning on page 84, as follows:

"At the time of the fall the driveway was covered with snow.   It had been snowing for a week or more and on the night before the accident about two inches of snow had fallen.   The plaintiff claims that under the newly fallen snow the driveway was covered with ice.

"The defendants had not cleaned the ice and snow from the driveway and automobile traffic had packed it down, in driving to and from the garages. The plaintiff had used the driveway in going to and from her rear entrance at least once every day for at least a week preceding the day of the accident. Upon trial the jury returned a verdict for the plaintiff.

"There is no claim in this case that there was any defect in the construction of the driveway or that it was maintained in a dangerous condition, except as to such dangers as were created by the natural accumulation of ice and snow.

"It is the claim of the plaintiff that the defendants were negligent in failing to remove from the driveway the ice and snow that had accumlated there from natural causes and that such negligence on their part was the proximate cause of her injuries."

On page 86, *ibid.*, the court said:

"Should there be a different rule applied to the owner of private property where such owner by operation of law or because of contractual obligations is under the legal duty to maintain his property in a reasonably safe condition for the benefit of others lawfully upon the property? We think not. In cases where there is no act on the part of the landlord creating a greater danger than was brought about by natural causes, the dangers that are created by the elements, such as forming of ice and the falling of snow, are universally known and, unless the landlord has contracted to provide against these dangers, all persons on his property must assume the burden of protecting themselves therefrom."

The court held that the defendant should have been given judgment on the pleadings, that defendant's motion for directed verdict should have been sustained, and that defendant's motion for judgment notwithstanding the verdict should have been sustained.

In the case at bar, there is no claim that there was

any defect in the parking lot or that it was maintained in a dangerous condition, except as to such dangers as were created by the natural accumulation of snow and ice. The demurrer was properly sustained.

For a contrary view see *Evans* v. *Sears, Roebuck & Co.* (Missouri), 104 S. W. (2d), 1035.

Finding no error in the record prejudicial to the rights of the appellant, the judgment is affirmed.

*Judgment affirmed.*

MILLER and HORNBECK, JJ., concur.