MARTINELLI, APPELLANT, *v.* CUA, D. B. A. JERRY CUA MARKET, APPELLEE.

(No. 6728—Decided February 6, 1962.)

*Messrs. Volkema, Wolske & Bopeley,* for appellant.
*Messrs. Wright, Harlor, Morris, Arnold & Glander* and *Mr. James E. Pohlman,* for appellee.

DUFFY, J. The plaintiff, appellant herein, filed her petition in the Municipal Court of Columbus alleging that she had slipped and fallen on the steps at the entrance to defendant's market; that the steps were covered with snow and under the snow there was ice which caused the steps to be slippery and dangerous; that the ice and snow had accumulated since early morning; and that the defendant knew of the presence of the accumulated ice and snow. The petition alleged also, as a second cause of action, that the defendant, appellee herein, allowed the snow and ice to remain on the entrance steps of his place of business, and that it became a public nuisance. As a result of the nuisance maintained by the defendant, plaintiff "was caused to slip and fall," receiving injuries for which she prayed damages.

The defendant demurred to the third amended petition and, when the demurrer was sustained, plaintiff preferred not to plead further and appealed to this court.

The only assignment of error is that the trial court erred in sustaining defendant's demurrer to the petition.

The trial court followed the case of *Wise* v. *Great Atlantic & Pacific Tea Co.,* 94 Ohio App., 320, in which the Court of Ap-

peals held that the operator of a store and adjoining parking lot was not liable to a customer who, after departing from such store and while walking across such parking lot, slipped and fell and sustained injuries, so long as there were no defects in the parking lot and it was not maintained in a dangerous condition except as to such dangers as are created by natural accumulations of ice and snow.

The plaintiff states that she cites no Ohio authority to support her position as to liability on the part of the storekeeper, as there is none; she concedes that the *Wise case* is squarely in point; and she asks that this court reconsider the rule of law from the *Wise case* and find that a storekeeper is under a legal duty to remove the dangers caused by the natural accumulations of ice and snow and to warn business invitees of the dangerous condition existing.

The petition in this case does indicate that the fall took place at approximately 4:00 p. m., and that the snow had accumulated since early morning.

While some states do place a duty upon business concerns to remove the known hazards caused by the natural accumulations of ice and snow, the Ohio law does not impose such a duty, and the petition in this case did not allege such a duty. See *Straley* v. *Keltner*, 109 Ohio App., 51; *Turoff* v. *Richman*, 76 Ohio App., 83; and *Levine* v. *Hart Motors, Inc.*, 75 Ohio Law Abs., 265. See, also, *Oswald* v. *Jeraj*, 146 Ohio St., 676, where the court found a duty to remove the snow and ice was implied from the contract between the landlord and the tenants. And see, also, *Great Atlantic & Pacific Tea Co.* v. *Chapman*, 72 F. (2d), 112, where the court held that it was for the jury to decide whether the ice had existed for a long enough period of time to put the storekeeper on notice of the dangerous condition.

Since there is no showing or any allegation of the duty imposed by law upon the storekeeper, the trial court was correct in sustaining the demurrer, and the judgment of the trial court will be, and hereby is, affirmed.

*Judgment affirmed.*

DUFFEY, P. J., and BRYANT, J., concur.