JESWALD *v.* HUTT ET AL.

[Cite as Jeswald v. Hutt, 17 Ohio Misc. 3.]

(No. 175258—Decided April 11, 1966.)

Common Pleas Court of Mahoning County.

*Mr. Bernard J. Wilkes* and *Mr. Daniel L. Rossi,* for plaintiff.
*Messrs. Manchester, Bennett, Powers & Ullman* and *Mr. John H. Ranz,* for defendants.

RIGELHAUPT, J. This day this cause came on for hearing on the motion of the defendants filed herein, for judgment nothwithstanding the verdict.

On consideration of the evidence, it is the opinion of this court that the motion for judgment notwithstanding the verdict is well taken.

The claim of the plaintiff was: (1) That there were no lights in the parking lot maintained by the defendants; (2) that there was an accumulation of ice and snow on said parking lot which had not been removed by the defendants; (3) that there was a "hump" in the parking lot.

From an examination of the entire record, it is conclusively shown that the "hump" had nothing to do with the plaintiff's fall or injury.

There was no evidence of any kind that the defendants were negligent.

Property owners are not required to keep their premises free from ice and snow. (See *Turoff* v. *Richman,* 76 Ohio App. 83; *Wise* v. *A. & P. Tea Co.,* 94 Ohio App. 320; *Straley* v. *Keltner,* 109 Ohio App. 51; *Martinelli* v. *Cua,* 115 Ohio App. 151.) This is particularly true when there was ice and snow, as shown by the record, all over the city at the time of this occurrence.

It must be remembered that the defendants in this case were not insurers of the safety of the plaintiff. There was no requirement that the defendants light the parking

lot. It has been held that owners of apartment houses were under no duty to keep a common stairway lighted. (See *McKinley* v. *Niederst,* 118 Ohio St. 334.)

In order that there be negligence there must be a breach of duty to the person injured, and there was no evidence of any breach of duty which the defendants owed the plaintiff.

It is the opinion of this court that he erred in not directing a verdict in favor of the defendants at the close of the plaintiff's case.

"The rule in Ohio is that if, upon a motion to direct a verdict, the trial court, after construing the evidence most strongly in favor of the person against whom the motion is directed, finds that upon any essential issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, *it should direct a verdict* against him, and not allow the jury to speculate upon the question." (Emphasis added.) (52 Ohio Jurisprudence 2d 618.)

There was no issue of negligence of the defendants to be submitted to a jury, and reasonable minds could come to no other conclusion but that the defendants were not negligent.

There is, however, an issue of contributory negligence in this case which in the opinion of this court likewise requires it to sustain the defendant's motion for judgment notwithstanding the verdict.

A transcript of the plaintiff's testimony was obtained by the court in connection with the preparation of a ruling on the above motion.

The plaintiff testified as follows:

"Q. What happened when you came out? A. We came out and she was carrying the same things as going in, and I was carrying the baby, and she was holding me on the side, and the front there when you come out the door it was just like glass; the minute I put my foot there it was real slippery, no lights, pitch dark, you couldn't see your hand in front of you.

"Q. Now, getting back to the day of the accident, is it your impression that when you came out of the doctor's

office that the light in the hall was on, but the light on the outside of the building was off? A. It was off.

"Q. And I believe you stated that you realized immediately that it was pitch dark outside? A. It was dark.

"Q. You described it as being pitch dark? A. Yes, it was; you could not see your hand in front of you; it was really dark.

"Q. Was that true up to the time that you fell? A. Yes, it is.

"Q. When did you realize that it was slippery and icy? A. When we came out.

"The minute you got outside the door? A. That is why I called to tell them it was slippery.

"* * *

"Q. You never thought about having your daughter-in-law bring the car around to you when it was slippery? A. No, we didn't."

This plaintiff, under her own testimony, was guilty of contributory negligence as a matter of law, which proximately caused and contributed to her injury.

Commencing as far back as the case of *Flury* v. *Cent. Pub. House* (1928), 118 Ohio St. page 154, the courts of Ohio have consistently held that one who steps into a place of darkness without any knowledge, information or investigation as to what such darkness might conceal raises an inference of negligence. Not only is the testimony of the plaintiff that she could not see, but that she knew the parking lot was exceedingly slippery. With all that knowledge, she entered into a place of danger without being able to see, and fell on this slippery surface of the parking lot which she knew was dangerously slippery.

The inference of negligence on the part of the plaintiff thus raised was in no way offset in her case in chief nor throughout the trial.

If this plaintiff is not guilty of contributory negligence as a matter of law which directly contributed to her injury, the doctrine of contributory negligence should be declared void in this state.

Many cases, commencing with *Flury* v. *Cent. Pub. House,* 118 Ohio St. page 154, consistently hold to this doc-

trine. (*Shutz* v. *Sovereign Hotel Company*, 23 Ohio Law Abs. 289; *McKinley* v. *Niederst*, 118 Ohio St. 334, and many others.)

The motion for a directed verdict at the close of the plaintiff's case and at the close of all the evidence should have been sustained.

*J. C. Penney Co.* v. *Robison*, 128 Ohio St. 626, 634:

"We agree that the right of trial by jury is guaranteed to all citizens by the Constitution of Ohio, and it cannot be invaded or violated by legislative act or judicial decree; but all this does not mean that all cases, regardless of evidentiary aspect, must be submitted to a jury. Under our law it is just as pernicious to submit a case to a jury and permit the jury to speculate with the rights of citizens, when no question for the jury is involved, as it is to deny to a citizen his trial by jury when he has the right."

*Helms* v. *American Legion, Inc.*, 5 Ohio St. 2d 60:

"Neither public interest nor the right of either party is promoted by placing a contest before a jury where nothing is involved but the application of the law to a state of facts conclusively established."

The rule that denies compensation because of contributory negligence on the part of the injured party in cases such as this may be a harsh one. It is a common-law rule, subject to modification by *legislation*, but not judicial interpretation.

By reason of the foregoing, the court being of the opinion that the defendants are entitled to judgment upon the evidence in this case, sustains the said motion for judgment notwithstanding the verdict.

It is therefore ordered, adjudged and decreed by this court that judgment be and the same hereby is rendered in favor of the defendants and against the plaintiff notwithstanding the verdict of the jury.

*Judgment for defendants.*