MRS. HELEN HANSON, appellant, v. TOWN AND COUNTRY SHOPPING CENTER, INC., appellee.

No. 51837.

SEPTEMBER 20, 1966.

Margaret L. Beckley, Jay C. Beckley and L. M. Hullinger, all of Cedar Rapids, for appellant.

Shuttleworth & Ingersoll, Ralph W. Gearhart and C. W. Garberson, all of Cedar Rapids, for appellee.

MASON, J.—Plaintiff's law action seeks damages for personal injuries sustained from a fall on defendant's premises alleged to have resulted from the dangerous and hazardous condition of the premises due to an accumulation of old rough snow and ice in an area used by patrons of defendant's tenants. The trial court held plaintiff failed to prove actionable negligence and directed a verdict for defendant.

The question presented is whether there is sufficient evidence to generate a jury question on the issue, Did defendant as possessor of the real estate involved exercise reasonable care to make the same safe for plaintiff's entry or for her use for the purpose of the invitation?

The trial court based its direction of a verdict for defendant on the proposition there is no liability for injuries from dangers that are obvious, reasonably apparent, or as well known to the person injured as to the owner.

In determining the question adversely to plaintiff's conten-

tion the trial court applied the rule stated in Christianson v. Kramer, 255 Iowa 239, 243, 122 N.W.2d 283, 286, and announced earlier in Atherton v. Hoenig's Grocery, 249 Iowa 50, 54, 86 N.W.2d 252, 255. It is based on Restatement, Torts, section 343, which has been somewhat changed in Restatement, Second, Torts.

Defendant's shopping center in Cedar Rapids is in the shape of an L with the parking lot inside the angle of the L. A sidewalk runs along the east side of May's drugstore located in the north of the L. There is a single row of angle parking next to the curb adjoining this sidewalk. Just east of this angle parking space is the main concrete road running through the shopping center. Beyond the road is the asphalt parking lot.

I. In considering the propriety of a directed verdict for defendant we must give plaintiff's evidence the most favorable construction it will reasonably bear. Authorities need not be cited for this. Rule 344(f)2, Rules of Civil Procedure.

The evidence in the light most favorable to plaintiff established there was a seven-inch snow March 15 and 16, a skiff of snow March 17 and another snow March 20. There was none from March 20 to March 22, the date of this incident. It appeared snow had been pushed off the sidewalk into an area four to five feet wide extending out from the curb into the parking space adjacent to the sidewalk. This area extended for approximately 150 feet in length and the snow piled there was permitted to become rough, jagged and slick ice as the result of thawing and freezing and the travel of cars in the area.

By March 22 the parking lot and sidewalks were clear of snow except for the area described.

Plaintiff came to defendant's shopping center about four o'clock on March 22, 1960, parked her car in the second or third row over from May's drugstore and spent several hours shopping, during which time she pretty well covered the shopping center. Shopping took her first to the store in the bottom side of the L. She had made one trip to the car to deposit packages and returned to do further shopping without coming near May's drugstore or the parking along the curb. She finished her shopping in May's, came out the northeast entrance, started south along what is described as a steep incline sidewalk, turned east between

546

two parked cars, headed toward her car and in so doing slipped and fell on some ice on the area described and was injured.

There were no sidewalks or crosswalks going to the main parking area beyond the main concrete road running through the shopping center.

II. Plaintiff had the status of an invitee.

An invitee is either a public invitee or a business visitor. A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land. Restatement, Second, Torts, section 332(3).

Invitees are limited to those persons who enter or remain on land upon an invitation which carried with it an implied representation, assurance or understanding that reasonable care has been used to prepare the premises, and make them safe for their reception. Restatement, Second, Torts, supra, comment (a). They are entitled to expect such care not only in the original construction of the premises, and in any activities of the possessor or his employees which may affect their condition, but also in inspection to discover their actual condition or any latent defects followed by such repairs, safeguards or warnings as may reasonably be necessary for their protection under the circumstances. Restatement, Second, Torts, section 343, comment (b).

III. In Atherton v. Hoenig's Grocery, supra, 249 Iowa, at 55, 86 N.W.2d, at 255, we said a possessor of real estate may avoid the liability owed to an invitee in two ways: "* * * by making and keeping his lands safe or by warning of the dangers. Obviously, actual knowledge of defects and dangers is equivalent to, perhaps better than, a warning." Following this statement we quote with approval the rule as announced in Trimyer v. Norfolk Tallow Co., 192 Va. 776, 781, 66 S.E.2d 441, 444:

" 'The duty to warn, however, exists only with respect to latent dangers, not to those which are or ought to be obvious to the invitee. To sustain a charge of negligence the unsafe condition relied on must be one of which the owner knew or should have known, and the invitee did not know and could not reasonably have discovered.' " The cited decisions are correct under the facts there.

Preceding the above statement from Trimyer we quoted section 343, Restatement, Torts, as it then appeared:

"A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he (a) knows, or by the exercise of reasonable care could discover the condition which, if known to him, he should realize as involving an unreasonable risk to them, and (b) has no reason to believe that they will discover the condition or realize the risk involved therein, * * *."

In applying the rule announced, this court has talked of hidden dangers, traps and pitfalls as distinguished from obvious and readily apparent defects in the premises.

While these characterizations, of course, have a bearing on what is reasonable care under the circumstances, they seem to have developed into an arbitrary rule that the possessor of land is under no duty to invitees with respect to open or obvious defects. We do not believe a defect in the premises must necessarily be hidden or in the nature of a trap or pitfall in order to constitute negligence in every case.

Defects in premises which are in no sense hidden and could only be classified objectively as open and obvious may be of such nature that the possessor should know the invitee would not anticipate or guard against them in using the premises within the scope of the invitation. To arbitrarily deny liability for open or obvious defects and apply liability only for hidden defects, traps or pitfalls is to adopt a rigid rule based on objective classification in place of the concept of the care of a reasonable and prudent man under the particular circumstances.

■ IV. The possessor of real estate is under a duty to use reasonable care to keep his premises safe for use by invitees. Failure to do so constitutes negligence. The standard of reasonable care does not require the premises to be free from all defects so as to guarantee or insure the safety of all invitees. Neither does it require plaintiff-invitee to be a self-insurer.

■ The extent of the invitation and care required to lawfully perform the duty imposed on the possessor of the real estate clearly is not satisfied by a showing the invitee knew or should

have known of the defect at the time of her injury. Bostian v. Jewell, 254 Iowa 1289, 1296, 121 N.W.2d 141, 145.

█ The fact the invitee comes upon the premises after warning of a dangerous condition or knowledge thereof does not qualify the duty of the possessor to exercise reasonable care for the invitee's safety. The fact that by so doing the invitee may assume the risk or become contributorially negligent does not affect or change the duty of the owner. Ware v. Cattaneo, 69 N. M. 394, 367 P.2d 705, 707.

It must be kept in mind we are discussing the question of primary negligence of defendant rather than contributory negligence or assumption of risk by plaintiff.

█ An open or obvious defect might be the equivalent of a trap or pitfall simply because the possessor should know that the invitee would have no reason to anticipate it, appreciate the hazard created by the condition or guard against it.

Section 343 as it now appears in Restatement, Second, Torts, provides:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

"(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

"(c) fails to exercise reasonable care to protect them against the danger."

This section should be read together with section 343A relating to known or obvious dangers which has been added in Restatement, Second, Torts, and provides:

"(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness. * * *"

As stated in 343A, there are some situations in which there is the duty to protect the invitee against even known dangers, where the possessor should anticipate harm to the invitee not-

withstanding such knowledge. Restatement, Second, Torts, section 343, comment (b).

Comment (b) under section 343A states:

"(b) The word 'known' denotes not only knowledge of the existence of the condition or activity itself, *but also appreciation of the danger it involves*. Thus the condition or activity must not only be known to exist, but it must also be recognized * * * by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence and judgment" (emphasis added).

The changes in section 343, Restatement, Second, Torts, and the definitions in the above comment, were not in the Restatement when Atherton v. Hoenig's Grocery, supra, was decided.

To resolve the question presented, supra, we must determine whether under all the facts and circumstances there is sufficient evidence defendant, in the exercise of reasonable care to make the premises reasonably safe for plaintiff-invitee, should have expected that despite the obviousness of the condition of the strip involved, plaintiff would not realize the hazard and would fail to protect herself against it.

■ While ordinarily a possessor of real estate would not be liable (or would not reasonably anticipate an unreasonable risk of harm to an invitee from an open or obvious defect), negligence may exist even though a defect is, in fact, open and obvious where the circumstances are such that there is reason to believe it would not be discovered or become obvious to the invitee or the risk of harm involved would not be anticipated or appreciated by the invitee. In such circumstances there may be generated a jury question as to whether the premises are reasonably safe.

■ We believe there was sufficient evidence to make a jury question as to whether defendant had breached its duty to plaintiff.

V. Plaintiff alleged defendant was negligent in failing to take any precaution to make its land reasonably safe to walk on and in allowing and permitting it to remain in a hazardous condition caused by defendant's accumulation of snow in an area of pedestrian and vehicular traffic.

Defendant took the precaution of removing the snow from the sidewalk and parking area except in the strip described.

There it caused the accumulation of the various snows to be pushed from the sidewalk along the east side of May's drugstore into the angular parking area where cars were moving in and out, churning the surface, in the month of March in this part of Iowa. This is not the case where the invitee falls in an area rendered slippery by a snowstorm still in progress at the time of the fall, with the ice and snow lying in a normal, smooth condition, not rough or otherwise disturbed, but a condition actively created by defendant depositing snow in the area with thawing and freezing a distinct probability.

Constructive notice to the defendant is not in issue. It had actual notice of the condition created by its own activity. See in this connection Bartels v. Cair-Dem, Incorporated, 255 Iowa 834, 840, 841, 124 N.W.2d 514, 518, and citations.

Plaintiff's purpose in going to the shopping center was to patronize its tenants. She made purchases and had "her hands full of packages." After leaving the store to return to her car, because of lack of marked crosswalks or sidewalks, she had to thread her way. It is true plaintiff's witness King testified, "Why, I would have to be blind not to see it", but this is not determinative of the problem we have here. It was almost dark and plaintiff attributes her failure to see and recognize the dangerous condition to inadequate light.

While plaintiff did not plead inadequate lighting as a specification of negligence, it was not necessary that she do so. It was a material fact the jury might consider in determining whether under such circumstances defendant had reason to believe the defect or condition, though open and obvious, would not be discovered or become obvious to the invitee or that the risk involved would not be anticipated or appreciated by her.

In support see Morris v. Atlantic and Pacific Tea Co., 384 Pa. 464, 465, 121 A.2d 135, 137. Plaintiff there emerged from defendant's store with a pushcart laden with groceries. Her husband's car was located at a distant corner of defendant's parking lot and she proceeded toward it, pushing the cart before her. Arrived at the car, she reached out to open the door when, as she described it, " 'my feet slipped off a rut, a ridge down into a rut and caused me to fall.' "

Speaking on defendant's negligence the Pennsylvania Supreme Court said at 467 of 384 Pa., 138 of 121 A.2d:

"The owner or custodian of an open parking lot receives notice every winter, and possibly many times during the winter, that the movement of automobiles over deep snow will churn and pile it into elongated elevations which the chemists of Nature, with their formulas of congelation, will transform into icebound walls, treacherous to the feet of mankind. This is so palpable a reality that notice of it could not be more directly brought home to the involved proprietor if it were written in the skies. With this prescience of inevitable pedestrian danger in the area under the defendant's supervision and control, it was a question of fact for the jury whether the defendant here did anything, or enough, in an endeavor to prevent accidents which, in the very sequence of inevitable phenomena, could easily occur."

See also King Soopers, Inc. v. Mitchell, 140 Colo. 119, 342 P.2d 1006, another parking lot case where Mitchell, plaintiff below, was walking out of defendant's store, carrying a bag of groceries. His car had been parked in defendant's parking lot in the third row of cars from its building, the second row from the sidewalk alongside the parking lot in front of the market.

Plaintiff testified he noticed the icy condition of the parking lot when he arrived, parked his car and upon alighting from his automobile walked around in back of the car and warned his wife of the danger. They threaded their way through other lines of cars and entered the store without mishap. After finishing his shopping and while on his way back to the car, talking to a friend as he walked, he fell on a slippery place about two feet square having ridges.

In holding that evidence was sufficient to compel submission of the store owner's negligence to the jury, the court said at 125 of 140 Colo., 1009 of 342 P.2d:

"Much emphasis is given to the fact that the icy condition of the area was obvious. We fail to perceive the significance of this factor in the present circumstances. Where a grocery shopper must cross a supermarket parking lot heavily laden with goods purchased in order to board his automobile it is of little help to him to be aware of the presence of ice along the way. Under

these circumstances the likelihood of injury is not lessened by his knowledge and the degree of care which he exercises. Many cases recognize this." Citing Prosser on Torts, Second Ed., page 459 (now Third Ed., page 403). The court also cites "Professor James in an article in 63 Yale Law Journal, pages 605–626, [who] comments on this special situation and concludes that the landowner is negligent under circumstances like those present here even though the hazard was apparent to the business visitor."

"A jury question was clearly presented as to whether plaintiff *saw or should have appreciated the perils or dangers of the conditions* he observed." Anthes v. Anthes, 258 Iowa 260, 266, 139 N.W.2d 201, 206.—Reversed and remanded for new trial.

GARFIELD, C. J., and THORNTON, RAWLINGS and BECKER, JJ., concur.

STUART, LARSON, SNELL and MOORE, JJ., dissent.

STUART, J.—I am unable to agree with the majority and would affirm the trial court. The majority opinion, in effect, concedes the rough, jagged icy condition alleged to have caused the fall was open and obvious. The opinion bases the reversal on the proposition that such condition "might be the equivalent of a trap or pitfall simply because the possessor should know that the invitee would have no reason to anticipate it, appreciate the hazard created by the condition or guard against it". Sections 343 and 343A, Restatement, Second, Torts, are cited as authority for this proposition.

I have no quarrel with the application of this rule in the proper case. A comparison of our cases with illustrations of section 343A discloses that we have in effect imposed liability under some similar circumstances without using the language of the Restatement. (Illustration 2, page 220. Forsberg v. M. L. Parker Company, 258 Iowa 513, 139 N.W.2d 315. Illustration 4, page 221. Bartels v. Cair-Dem Inc., 255 Iowa 834, 124 N.W.2d 514.) I do not believe the facts here are within the announced rule.

I am unable to understand how we can say defendant in the exercise of reasonable care should have known plaintiff would have no reason to anticipate the icy condition, appreciate its hazard or guard against it. This is not a condition which, though obvious, is such that an ordinarily reasonably prudent person could see it and not appreciate the danger. We all know the hazard of walking on rough and uneven ice and snow. One should expect to find some ice and snow on a busy parking lot in Iowa five days after a seven-inch snow in March. To require a possessor of real estate to know an invitee would not appreciate the danger of this obvious condition under these circumstances exceeds the limits of any duty we have imposed thus far.

Cases are cited in which customers have fallen when carrying packages which interfered with their view and reference is made to the fact plaintiff was carrying packages. She testified: "I had my purse and three or four packages, as close as I can remember." Nowhere does she say how big the packages were or claim they in anyway obscured her vision. Even if we say the possessor of real estate should know someone might come out of the store with a load of parcels so big the icy condition could not be seen and might slip and fall, that is not the evidence in this case.

Plaintiff testified it was almost dark and she "attributes her failure to see and recognize the dangerous condition to inadequate light". Plaintiff's only specification of negligence was "defendant was negligent in failing to remove (old snow and ice which had become dangerous, rough, rounded, irregular and uneven) or to take any precaution to make the same reasonably safe to walk upon and in allowing and permitting the same to remain in such condition at said time and place".

The negligence alleged there is in "failing to remove" the ice and "permitting it to remain". I do not believe this can be stretched to cover a charge of failure to adequately light the parking lot.

Plaintiff cannot depart from the specific acts of negligence pleaded and the court could not properly have submitted the issue of inadequate lighting even if supported by the evidence. Perry v. Eblen, 250 Iowa 1338, 1346, 98 N.W.2d 832, and cases

cited therein; Parrack v. McGaffey, 217 Iowa 368, 373, 251 N.W. 871.

The rule announced by the majority does not do away with the requirement of superior knowledge in the possessor of the land. There was no evidence from which it could be inferred the condition of rough jagged ice existed for sufficient time to constitute constructive notice. True the possessor of real estate had actual knowledge that snow had been pushed from the sidewalk into the street, but the only evidence as to when the snow became converted into ice and acquired the dangerous character alleged is found in the testimony of witness King, who testified: "* * * it looked like they had pushed the snow off the sidewalk and it piled up there, rough ice, jagged ice, and it looked like it had melted that afternoon and made it slick and that was all". There was no evidence the icy condition existed prior to that time, or had existed long enough defendant had a reasonable opportunity to correct the condition or warn others of its existence. Kramer v. F. W. Woolworth Co., 255 Iowa 633, 636, 123 N.W.2d 572. Such knowledge is not presumed but may be established by circumstantial evidence. Christianson v. Kramer, 255 Iowa 239, 122 N.W.2d 283; Meier v. Phillips, 256 Iowa 757, 759, 129 N.W.2d 92, 94.

There was no evidence of melting prior to the time referred to in King's testimony. Temperatures were not given. I find no testimony which would support an inference contrary to the testimony of plaintiff's own witness.

In Brent v. Bank of Aurora, 132 Colo. 577, 582, 291 P.2d 391, 393, the evidence showed the snowfall ended 18 hours before the accident. The court said: "There is not a scintilla of evidence to be found in the entire record from which a jury might determine how, when or how long the icy condition of which plaintiff complains existed. It was incumbent upon plaintiffs to establish by competent evidence that the icy condition of which they complain existed for a time of sufficient duration prior to the accident to enable the jury to determine whether a reasonably prudent man, or in this instance the bank, knew or ought to have known of the condition and to have taken such measures as were necessary to remedy it for the protection of an invitee such as this plaintiff wife."

The majority cites Bostian v. Jewell, 254 Iowa 1289, 1296, 121 N.W.2d 141, 145, for the statement that the duty imposed on the possessor of real estate is not satisfied by a showing the invitee knew or should have known of the defect at the time of her injury. That was a landlord-tenant case and we draw a distinction between such case and an invitee on page 1295 of that opinion when we say: "However, it is generally held that a higher degree of care is required in landlord-tenant common-way area matters than in ordinary business invitee cases, and the rules announced in the above cases [business invitee] are not applicable to the situation at hand. The intended use by the invitee is always a most important element in such matters, and in landlord-tenant cases most authorities agree that the standard of care required of the landlord is much higher than that of a business invitee or a licensee. It was so recognized by us in Primus v. Bellevue Apartments, 241 Iowa 1055, 44 N.W.2d 347, 25 A. L. R.2d 565, and that position was not altered by the cases cited above."

This case is distinguishable from Corkery v. Greenberg, 253 Iowa 846, 14 N.W.2d 327, on the facts. In that case, which seems to be the only other parking lot case in Iowa, the lot was unlighted, covered with snow and ice and cut up with ruts. The condition had existed for some time. There had been prior falls which were known to defendant. Plaintiff was required to go to a particular place to deposit the parking fee and fell on the way there. We distinguished the case from parking lot cases in other states on these grounds.

The facts here more closely parallel cases from other jurisdictions in which it has been held there was no liability including: Crawford v. Soennichsen, 175 Neb. 87, 120 N.W.2d 578; Levine v. Hart Motors Inc., 75 Ohio L. Abs. 265, 143 N.E.2d 602; Wise v. Great Atlantic & Pacific Tea Co., 94 Ohio App. 320, 115 N.E.2d 33; Zide v. Jewel Tea Co., 39 Ill. App.2d 217, 188 N.E.2d 383; Brent v. Bank of Aurora, 132 Colo. 577, 291 P.2d 391; Crenshaw v. Firestone Tire & Rubber Co., 72 N. M. 84, 380 P.2d 828; Nolan v. United States (4 Cir.) 186 F.2d 578.

There is a further reason for sustaining the directed verdict. In my opinion, requiring a possessor of real estate to remove all

snow and ice from a parking lot in Iowa in the winter in order to escape the possibility of liability is imposing a standard of care which is not reasonable. This is about what the majority opinion does. The smaller the patch of ice or snow, the less obvious it is and the more chance of liability under the Atherton rule. It seems to me defendant did a good job of clearing snow from the parking lot and its efforts were well within the reasonable standards of care under the circumstances.

In Zide v. Jewel Tea Co., supra, in which the possessor of real estate had cleared a parking lot of snow except for about one-eighth inch of hard packed snow, the Illinois Appellate court said at page 227 of 39 Ill. App.2d:

"We are of the opinion that the evidence conclusively shows that the defendant, Jewel Tea Co., used every reasonable precaution that could be expected on the date of the occurrence in question to maintain its parking lot in a reasonably safe condition for its customers.

"From the foregoing resume of the evidence, we believe it is clear that the plaintiff failed to prove that the defendant did anything which caused an unnatural accumulation of ice or snow at the place where the plaintiff fell, but on the contrary, we believe that the defendant, Jewel Tea Co., by scraping the snow from its parking lot on the morning of the occurrence in question and by applying salt around the entrance to its store during the day to prevent ice from accumulating exercised reasonable care to keep its premises reasonably safe for the use of the plaintiff and other customers. To hold otherwise, would place the defendant in the position of an absolute insurer of the safety of its business invitees contrary to the settled law of our state."

In Nolan v. United States (4 Cir.) supra, which involved a fall on ice and snow in a parking lot on an air force base, one complaint made was that it was "defendant's duty to clear the ice and snow from the lot". The court said (page 580 of 186 F.2d): "Whether sufficient time existed to clear the snow of January 24 from the parking lot before the accident occurred, does not appear. But we do not think the defendant was bound to take this action to remove a common and not very serious

danger, obvious to plaintiff and readily avoided by the exercise of reasonable care."

See also Zernia v. Capitol Court Corporation, 21 Wis.2d 164, 124 N.W.2d 86.

It may be that the liability of a possessor of real estate to a business invitee should be measured by a higher standard of care. If this is so, I would prefer to do it by altering the rule rather than stretching the old rule.

For the reasons stated, I would affirm.

LARSON, SNELL and MOORE, JJ., join in this dissent.