DEBIE ET AL., APPELLANTS, *v.* COCHRAN PHARMACY-BERWICK, INC., ET AL., APPELLEES.

[Cite as Debie v. Cochran Pharmacy-Berwick, Inc., 8 Ohio App. 2d 275.]

(No. 8367—Decided November 22, 1966.)

*Mr. Carl B. Mellman,* for appellants.

*Messrs. Vorys, Sater, Seymour & Pease* and *Mr. Edgar A. Strause,* for appellee Cochran Pharmacy-Berwick, Inc.

*Messrs. Lane, Huggard & Alton,* for appellee Berwick Land Associates.

DUFFEY, J. This is an appeal from a summary judgment granted the appellees in an action for personal injuries based on negligence.

Appellant Mary Debie was injured when she fell on a privately owned sidewalk in a shopping area after purchasing merchandise. There was a natural accumulation of about seven inches of snow. While there is a reference to the "removal" of some snow at an earlier time, there is nothing to indicate an effort to remove any snow in the location of appellant's fall, and counsel for appellant has stated that he does not contend that any removal had occurred in the area of the fall. The only alteration in the natural condition of the snow at the location of the fall arose from the walking of other people upon the sidewalk so as to create a pathway of trampled snow and ice.

In *Martinelli* v. *Cua* (1962), 115 Ohio App. 151, this court held that a storekeeper has no legal duty to clear ice and snow, nor to warn invitees of a condition of ice and snow where such condition is caused solely by natural accumulation. An examination of that case and this court's earlier decision in *Wise* v. *Great A. & P. Tea Co.* (1953), 94 Ohio App. 320, shows that this court did not consider the mere trampling of the snow by other invitees and persons as altering the condition from a "natural" accumulation to an "artificial" condition.

The most recent case in Ohio is that of *Rainey* v. *Harshbarger* (1963), 7 Ohio App. 2d 260. On the facts recited, that case also involves a natural accumulation, and nothing more than some compression by other persons walking upon it. Insofar as the Third Appellate District court found a duty owing to an invitee by a storekeeper to either clear or warn, we find that decision to be in conflict with the decisions of this court in *Wise, Cua* and in this case. Upon application of the appellant, the court will certify this decision for conflict.

The judgment of the Common Pleas Court will be, and hereby is, affirmed.

*Judgment affirmed.*

BRYANT, P. J., and TROOP, J., concur.