Ann MOENCK, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. No. 66-C-2012-C.

United States District Court
N. D. Iowa,
Central Division.

Dec. 19, 1966.

B. V. Willie, Eagle Grove, Iowa, for plaintiff.

Charles E. Ehrhardt, Asst. U. S. Atty., Sioux City, Iowa, for defendant.

## MEMORANDUM AND ORDER.

HANSON, District Judge.

This action was instituted by Ann Moenck against the United States of America under the Federal Tort Claims Act, 28 U.S.C. Sections 1346(b), 2671 et seq. On June 8, 1964, at about 3:00 p. m., plaintiff slipped and fell in the United States Post Office at Vincent, Iowa. One James B. Olson had finished applying a coat of wax to the post office floor at about 2:00 p. m. The incident occurred as plaintiff was going to the stamp window after she had taken several steps past the inside entryway to the post office. The postmistress, Mrs. James B. Olson, was on duty at the time of the occurrence.

The first problem encountered is whether James B. Olson was an employee of the post office *acting within the scope of his employment*. The Federal Tort Claims Act defines the phrase in this manner:

> " 'Employee of the government' includes officers or employees of any federal agency, members of the military or naval forces of the United States, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation. * * * " 28 U.S.C. Section 2671.

The record sufficiently shows Mr. Olson to be an employee acting within the scope of his employment under the Act. Mr. Olson started working for the post office in 1961. He is a custodian at the post office in Fort Dodge, Iowa, and a part time clerk at the post office in Vincent. Mr. Olson testified that waxing floors is part of any clerk's duties.

The measure of liability under the Federal Tort Claims Act is that:

> "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same

manner and to the same extent as a private individual under like circumstances."

The liability of the Government is judged in the same manner that the liability of a private individual is judged under State law. See Hess v. United States, 361 U.S. 314, 80 S.Ct. 341, 4 L.Ed.2d 305 (1960); The Tungus v. Skovgaard, 358 U.S. 588, 79 S.Ct. 503, 3 L.Ed.2d 524 (1959); United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954).

The definitive Iowa case upon the class of people that may properly be labelled "invitees" and the duties owed them by possessors of real estate is Hanson v. Town & Country Shopping Center, 144 N.W.2d 870 (1966). That case at p. 873 held that an invitee is either a public invitee or a business visitor and that:

"Invitees are limited to those persons who enter or remain on land upon an invitation which carried with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises, and make them safe for their reception. Restatement, Second, Torts, supra, comment (a)."

Plaintiff held the status of an invitee in the instant case. See Mahoney v. United States, D.C., 180 F.Supp. 310; cf. Pearson v. United States, 177 F. Supp. 934 (D.Ark.); Restatement, Second, Torts Appendix, Section 332.

Liability is imposed upon a possessor of land when he fails to carry on his activities with reasonable care for the safety of an invitee and if he should expect that they will not discover or realize the danger or will fail to protect themselves against it. Restatement, Second, Torts, Section 341A. *Hanson*, supra, 144 N.W.2d at p. 873 states that:

"They (invitees) are entitled to expect such care not only in the original construction of the premises, and in any activities of the possessor or his employees which may affect their condition, but also in inspection to dis-cover their actual condition or any latent defects followed by such repairs, safeguards, or warnings as may reasonably be necessary for their protection under the circumstances."

Defendant in the instant case breached its duty of reasonable care to plaintiff and should have expected that plaintiff would not perceive the danger and, therefore, would not take measures to protect herself. As stated in *Hanson*, supra, at p. 875: "It had actual notice of the condition created because of its own activity." Mr. and Mrs. Olson both knew of the applications of the wax. The danger to plaintiff should have been anticipated. Mr. Olson testified that a person would have to "get right down and look" to see if the floor was wet because of the tan color of the floor. Evidence was also introduced as to the insufficiency of light in the lobby area of the post office. In addition, there is some evidence that Mrs. Olson did in fact know of plaintiff's peril.

No signs were erected, nor was plaintiff in any way warned of her danger. Mr. Olson left at 2:00 and Mrs. Olson was behind the stamp window when plaintiff fell.

Plaintiff did not exceed or abuse her invitation. The spot of the accident was within the area of the premises to which the invitation had been extended and which the defendant could have reasonably expected plaintiff to use. Nelson v. F. W. Woolworth & Co., 211 Iowa 592, 231 N.W. 665; Keeran v. Spurgeon Mercantile Co., 194 Iowa 1240, 191 N.W. 99, 27 A.L.R. 579; Restatement, supra, Comment on Subsection (3) (L). The place of the accident was in close proximity to a table used to sort mail.

It is beyond question that the acts and omissions here complained of constituted the proximate cause of the occurrence. Proximate cause is a moving or producing cause, and an act or omission is the proximate cause when it appears that if it had not been for such act or omission the injury would not have been sustained.

Plaintiff cannot be charged with contributory negligence in the case at hand. Under the principles laid down by cases decided prior to *Hanson*, plaintiff here would not be contributorily negligent. An invitee did not have to especially look for danger. Gardner v. Waterloo Cream Separator Co., 134 Iowa 6, 111 N.W. 316; Forsberg v. M. L. Parker Company, Iowa, 139 N.W.2d 315. The owner of the land was not liable if the invitee knew of the unsafe condition or could reasonably have discovered it. Atherton v. Hoenig's Grocery, 249 Iowa 50, 86 N.W.2d 252.

*Hanson*, supra, extended liability to situations in which the danger is known or obvious but the owner should expect that the invitee will not *appreciate* the risk involved.

Here there was no evidence to contradict plaintiff's testimony that she had never been in the post office before when it had just been waxed and that on this occasion she took no conscious notice of any wax on the floor. Also, the composite circumstances leading to the accident were not conducive to any observation of the danger let alone realization of the peril involved.

### DAMAGES

The Court now directs its attention to the amount of damages which plaintiff has proven to be proximately caused by defendant's negligence. She has expended $504.65 upon hospitalization and medical services. These expenses were necessary and the amount thereof was reasonable.

Plaintiff has shown no past loss of earnings. She was on sick leave from Miller's Implement during her period of incapacity. No future loss of earnings has been proven.

Plaintiff has claimed permanent disability in regard to the dislocation of her left thumb, conversion reaction, the development of traumatic bursitis, and injury to her back, neck, and left arm. Plaintiff's life expectancy was stipulated to be 19.1 years. She testified that since the accident her weight has dropped from 126 lbs. to 110 or 115 lbs. It was established that there has been some permanent loss of motion of the thumb due to its injury. However, the amount given for that injury must be decreased to some extent in that treatment will be very helpful to its condition. There is also permanent injury to the back. The fair and reasonable value of these injuries is $2,000.00.

With the exceptions of the thumb injury and a slight back injury, this court finds that the other injuries complained of by plaintiff have not been established and the record is wholly deficient in relation to them. This court will not permit recovery for injuries which it does not find to have been proven by the greater weight of the evidence proximately resulting from the accident as a direct result of the negligence of defendant in this case.

The fair and reasonable amount for pain and suffering attendant to plaintiff's injuries is $400.00. The reasonable value of future medical expenses which will be necessary is $60.00 a year for five years or $300.00.

Any other medical expenses are too remote and contingent to justify compensation.

All of the above damages were proximately caused by defendant's negligence and, accordingly, judgment will be entered against the United States and in favor of Ann Moenck in the amount of $3,204.65.

It is ordered that the foregoing shall constitute the Findings of Fact, Conclusions of Law, and Order for Judgment in this case. Rule 52(a) of the Federal Rules of Civil Procedure