ALLISON, APPELLANT, *v.* WNEK, APPELLEE.

[Cite as Allison v. Wnek, 12 Ohio App. 2d 97.]

(No. 1768—Decided November 15, 1967.)

*Mr. Frank J. Janik,* for appellant.

*Messrs. Miraldi & Colella,* for appellee.

HUNSICKER, J. In this appeal on questions of law, George Allison, the appellant, says that the trial court failed to properly instruct the jury in his action against Theodore Wnek, the owner of a gasoline service station. George Allison, during the time the service station was closed, walked along the sidewalk in front of the station and slipped and fell on the ice and snow that had been brought upon the sidewalk by automobiles using the closed premises of Wnek to park or turn around.

The errors assigned are:

1. "The trial court erred in its instructions to the jury in not charging as to liability based on accumulations of ice and snow, natural as distinguished from artificial."

2. "The trial court erred in failure to instruct the jury as to constructive notice of defendant and affect upon his liability based on doctrine of abutting owners liability for special use of sidewalk."

3. "The trial court erred in failing to instruct the jury on

the doctrine of foreseeability of natural and probable consequences and the creation thereby of a condition constituting a nuisance.''

4. ''The trial court failed to instruct the jury on the collateral source of income rule.''

The evidence is not contradicted that Wnek, before he closed his service station and went to his home, cleaned the sidewalk in question of all ice, snow and slush, and put salt on it. He also had signs posted prohibiting parking on the service station property, although he knew that people paid no attention to the signs and parked on his land.

Whether the snow and slush brought onto the sidewalk entrance to Wnek's property was brought by these people who were, in effect, trespassers, or by those who used the driveway entrance to turn their vehicles and go in another direction, is mere speculation. The record is clear that the sidewalk was clean at the time the service station was closed.

Mr. Allison said that he noticed the snow and slush and realized it was frozen in some places at the time he walked past the service station about two hours after closing time.

The general rule, with respect to the removal of snow from a sidewalk, is found in *Debie* v. *Cochran Pharmacy-Berwick, Inc.*, 8 Ohio App. 2d 275, where the court said:

''A storekeeper has no legal duty to clear ice and snow, nor to warn invitees of a condition of ice and snow, where such condition is caused solely by natural accumulation. The mere compression of a natural accumulation of snow by the trampling of other invitees and persons walking upon it does not alter the condition from one of a natural accumulation, and no duty arises.''

In the matter before us, the court properly charged this rule.

It has been held that the operator of a gasoline filling station is not liable to a pedestrian for injuries sustained in a fall on an icy sidewalk, at the point where a driveway from the station crossed the sidewalk, where automobiles using the driveway to enter the service station deposited snow and ice on the sidewalk, which later froze, making the sidewalk dangerous for pedestrians. *Bennett* v. *McGoldrick-Sanderson Co., Inc.*, 15

Wash. 2d 130, 129 P. 2d 795. See, also, *Den Braven* v. *Public Service Electric & Gas Co.*, 115 N. J. Law 543, 181 A. 46.

An annotation on this general subject may be found in 88 A. L. R. 2d 389 *et seq.* See, also: 16 Cleveland-Marshall Law Review 291.

There was no affirmative act on the part of Wnek that caused the snow and slush to come upon the sidewalk. The negligence, if any, of Wnek would have to be predicated upon a failure to act, but there was, under the circumstances in this case, no duty to act.

We have examined all the claims of error advanced by the appellant, George Allison, and find none prejudicial. The judgment must, hence, be affirmed.

*Judgment affirmed.*

BRENNEMAN, P. J., and DOYLE, J., concur.