JOHN REILLY, Appellant, v. THE CHICAGO & NORTHWEST-
ERN RAILWAY COMPANY, Appellee.

**Railroads:** PERSONAL INJURY: LIABILITY OF CONTRACTOR. The
duty of an independent contractor to furnish his employe
a safe place to work and to maintain the same cannot, ordin-
arily, be extended to include the party for whom the con-
tractor has undertaken the work.

*Appeal from Woodbury District Court.*—HON. W. F.
HUTCHINSON, Judge.

MONDAY, FEBRUARY 1, 1904.

ACTION at law for damages on account of personal in-
jury. Verdict directed for defendant, and plaintiff appeals.
—*Affirmed.*

*Jepson & Jepson* and *Geo. W. Argo* for appellant.

*James C. Davis, A. A. McLaughlin,* and *J. F. Bevington* for appellee.

WEAVER, J.—The plaintiff, a common laborer, was in the employ of one Brown, an independent contractor, engaged in raising the roadbed and track of the defendant company's road near Laurens, Iowa. In the performance of this work earth was hauled and scraped from "borrow pits," and deposited in a continuous pile or dump about three feet high extending along the ends of the ties parallel and near to the track. This being done, the track was lifted, and the earth shoveled under it. The material thus used was somewhat loose and gravelly, and contained more or less stones which were liable to roll down upon the track from the dump. At the time of the injury complained of, plaintiff was dumping or emptying wheel scrapers along the north side of the track. While thus employed, a train moving at a high rate of speed went by, and a stone, which presumably had rolled upon the track from the dump, was struck by the pilot or wheel of the engine and thrown against the plaintiff, breaking his leg. Appellant concedes that he was in the employ of an independent contractor, and, if the injury complained of was the result solely of the negligence of the latter, no recovery can be had against the railway company. But it is urged in avoidance of the application of this rule that defendant was also negligent (1) in allowing the dirt to be placed so close to the track that stones might roll from the dump and become a source of accident or danger from moving trains; (2) in running its train at a recklessly high rate of speed in view of the danger at that point; (3) in failing to order a reduction of speed by its trains at that point; and (4) in not having an overseer or guard of some kind at the place to keep the track clear.

But can it be said that there was any neglect of duty owed by defendant to plaintiff in these respects? If plaintiff were a passenger or employe upon the passing train, and by

reason of such obstruction or the dangerous proximity of the
dump the train had been derailed, resulting in his injury, we
can readily conceive of circumstances under which the com-
pany might be made liable for the act or omission of the con-
tractor, for one who is personally bound to perform a duty—
as, for instance, a master, who is bound to furnish his servant
a safe place in which to work; or a common carrier, who is
bound to exercise care for the safe transportation of pas-
sengers and freight—cannot relieve himself from the burden
of such obligation by any contract he may make for its per-
formance by another person.    Shearman & Redfield on Neg-
ligence (5th Ed.) page 14.    But plaintiff was neither a pas-
senger on defendant's road nor an employe in its service.
True, there was a measure of duty from the latter to the for-
mer, for the plaintiff, as the employe of the contractor, had a
legal right to be where he was, and defendant owed him reas-
onable care to avoid injuring him by its acts, or by the man-
ner in which its own employes performed their several duties.
We do not think, however, that it was under any legal obliga-
tion to guard or protect the plaintiff against the consequences
of the negligence of his immediate employer.    To illustrate:
if, by reason of the negligence of the trainmen, a coupling
pin lying upon the platform of the car had been hurled
through the air, striking the plaintiff (*Doyle v. R. R.,* 77
Iowa, 607) or if the passing train, instead of colliding with
a stone left upon the track by the contractor, had struck a
sledge or pick carelessly left there by defendant's section crew
(*Tex. & Pac. R. R. v. Carlin,* 111 Fed. Rep. 777, [49 C. C.
A. 605, 60 L. R. A. 462]), a very different question would
be presented.    There is nothing in the record to indicate that
defendant ordered or required the contractor to dump the dirt
so near the track as to create danger of this nature.    It does
appear that the contractor was required and undertook to
keep the track clear from obstructions.    There is no principle
of law which required the company to supervise the contrac-
tor in the performance of this duty as a measure of protec-
tion to the contractor's servant.    So far as appears from the

record, the defendant had no power or authority to control the means or methods to be employed by the contractor in doing the work. It did require certain results—certain things to be done—and had an engineer to see that the work done was of the kind and quality contracted for, but as to the methods of the work and the control of the employes therein the contractor was entirely independent of its dictation. The duty of furnishing plaintiff a safe place to work and exercising care and supervision to maintain such condition of safety rested upon the employer alone, and (unless it be under extraordinary circumstances, which do not here obtain) that obligation cannot be extended to include the party for whom the contractor has undertaken to perform the work. *Miller v. R. R.*, 76 Iowa, 655; *Branstrator v. R. R.*, 108 Iowa, 377; *Humpton v. Unterkircher*, 97 Iowa, 509; *Brown v. McLeish*, 71 Iowa, 381.

This conclusion is not at all inconsistent with the rule of the cases cited by the appellant of which *Hawver v. Whalen*, 49 Ohio, 69 (29 N. E. Rep. 1049, 14 L. R. A. 828); *Cameron v. Oberlin*, 19 Ind. App. 142 (48 N. E. Rep. 386); *Ohio S. R. R. v. Morey*, 47 Ohio, 207 (24 N. E. Rep. 269, 7 L. R. A. 701), and *Erickson v. R. R.*, 41 Minn. 500 (43 N. W. Rep. 332, 5 L. R. A. 786) are types. In the *Hawver Case* an independent contractor was employed to dig a ditch, which was not properly guarded for the protection of the public having the right to pass that way, and the owner was held liable to a person (not an employe of the contractor) falling into the excavation. The same rule is applied in *Cameron v. Oberlin* and *Ohio S. R. R. v. Morey*. If in these cases the persons injured had been employes of the contractor, and had received their injury in the course of their employment by reason of the negligence of the contractor, we think no one would claim that the municipality, corporation, or other party letting the contract could be held liable in damages. These authorities go no further than to hold that no person or municipality charged by law with the duty of keeping a street or other place in safe condition for public

use can escape responsibility for neglect of that duty by show-ing that an independent contractor is primarily at fault. In *Erickson v. R. R. Co.* the plaintiff was in the employ of a contractor upon the grade of defendant's road. Plaintiff's work required him to stand so close to the track as to expose him to danger of being struck by a passing train. This was known to the railway company, and it had been the uniform habit of the trainmen to give signal of warning on approach-ing the grading gang; but on the occasion of the accident the signal was negligently omitted, and the plaintiff thereby in-jured. In the case at bar there is no showing that the labor in which plaintiff was engaged required him to be in the way of moving trains, nor that he had any reason to rely upon or expect signals of their approach. Indeed, the approach of the train in this particular instance was seen by plaintiff when at a considerable distance, and where he stood he was not exposed to any peril of collision therewith. There is nothing whatever to charge the defendant with notice or knowledge of danger to the graders from stones propelled from the track by the moving train. There is therefore no parallel in fact nor in principle between the *Minnesota Case* and the case at bar.

Without pursuing the discussion farther, we have to say that, if plaintiff's injury is chargeable to the negligence of anyone (of which there is room for much doubt), it is the negligence of his immediate employer or fellow employes, for which the law imposes no liability upon the defendant.

The judgment of the district court is therefore AFFIRMED.