CHARLES W. MUNDY, appellant, v. FRANCIS M. OLDS, appellee.

## No. 50809.

(Reported in 120 N.W.2d 469)

March 12, 1963.

McMullin, Test & Baird, of Des Moines, for appellant.

Johnson & Johnson, of Knoxville, for appellee.

SNELL, J.—This is the second appeal involving the same highway accident. See Mundy v. Olds, 252 Iowa 888, 109 N.W. 2d 241.

At about 7 p.m. February 1, 1959, plaintiff, accompanied by his wife and infant child, was driving north on Highway No. 14 just south of Knoxville. The paving was 20 feet wide with shoulders 8 to 10 feet wide. The weather was cold and the highway icy. Snow had been pushed by the highway maintenance crew to the shoulder of the road on plaintiff's right forming a snowbank. Plaintiff's car ran out of gas. His car was on the east or right-hand side of the highway. Plaintiff and his wife testified that his car was against the snowbank and as far to the right as possible and completely off the pavement. Defendant and a deputy sheriff investigating the accident testified that the car was one third to one half of its width on the pavement.

Plaintiff saw the lights of a vehicle approaching from the south or rear. The lights were from defendant's car. When defendant's car was about one-half mile away plaintiff alighted from his car hoping to get help from the approaching motorist. There is a dispute in the evidence as to whether he was standing on or off the pavement. Plaintiff says he was off the pavement. Plaintiff's testimony as to what he did is summarized (with conclusions added) by his counsel in these words:

"When defendant's vehicle was approximately one-half block distance from the plaintiff's vehicle, the plaintiff determined that the defendant would likely not change its course of travel thus creating a hazard to plaintiff. In a confused state of mind caused by all of the attending circumstances and conditions then existing, plaintiff pressed himself up against his

▬▬ ▬▬

own automobile with his face away from the traveled portion of the highway. The next thing plaintiff recalled was awakening in the hospital on the following day."

The words just quoted are the conclusions of counsel and embellish but do not misquote the record.

Defendant says that when within 500 feet of the accident site he was driving between 30 and 35 miles per hour and looking straight ahead. At that time he saw no cars or lights. As he approached he first saw a car partly on and partly off the pavement. Defendant pulled onto the right shoulder attempting to stop. He could not stop. We quote from defendant's testimony:

"I cut back out onto the highway and attempted to go on around on the left side. As I got closer I took further notice of the position of this car ahead of me on the highway. It looked instead of being completely on the highway as if it had two wheels just off the traveled portion of the road and the rest of the car and the other two wheels sitting on the traveled portion. As I swung back off of the right shoulder I slid, momentarily losing control of my vehicle. I slid into the back of the other vehicle sitting on the right side of the road. I guess the cars bumped; I don't know for sure. Anyway I know my car was fishtailing, sliding back and forth across the highway. After I regained control and straightened it up I turned around and came back. I think that my car struck the other car as I went by. I am not sure. I did see a man standing on the outside of the car ahead of me approximately three feet to the left of his left side of his car. This would be to the west of his car. He would have to be standing a little over the middle of the right-hand portion of the traveled part of the right-hand side."

The uncontradicted record is that plaintiff was struck by defendant's car and that defendant's car was out of control. Where plaintiff was standing was in dispute and was an issue for the jury.

Plaintiff's counsel referred to the plaintiff as confused. From the record it would appear that the defendant while testifying was also confused. He said that he was driving with his city lights on at the time and that he could see 35 or 40

feet ahead of them, maybe a little more. He saw the car at about 35 or 40 feet or a little more than that. Upon refreshing his memory from the record of the former trial he found that he had previously testified that he saw the car 50 to 75 feet ahead of him. He said he would hesitate to estimate how many feet to the rear he was when starting off the highway and attempting to stop.

On the basis of defendant's testimony as to how far ahead of his car he could see, plaintiff insists that there should have been submitted to the jury an additional specification of negligence and instruction. Plaintiff insists that the jury should have been instructed on the law as to head lamps.

This case was first tried in March 1960 resulting in a verdict for plaintiff in the amount of $1102.26. A motion for a new trial based on inadequacy of the verdict was sustained. On April 16, 1960, three days after the trial court's ruling in favor of a new trial, plaintiff filed in the district court his second amendment to petition adding an additional specification of negligence in the following words:

"In operating his vehicle upon a highway within the State of Iowa between one-half hour after sunset and one-half hour before sunrise without lighted head lamps directed high enough and of sufficient intensity to reveal persons and vehicles at a distance of at least three hundred fifty (350) feet in advance of his said vehicle in violation of the law of the State of Iowa."

Four days later defendant filed a denial of this additional allegation.

Defendant appealed from the granting of a new trial and from an adverse ruling on his motion for judgment notwithstanding the verdict. The judgment of the trial court granting a new trial was affirmed on May 2, 1961.

Retrial of the case in the district court began on December 18, 1961. After the jury was selected and sworn plaintiff's counsel in the absence of the jury asked for permission to amend by adding a specification in substance, the same as was included in his second amendment to petition set out above. The court commented that there was an amendment covering that specification. Plaintiff's counsel advised the court that

there was no written amendment to that effect. It is obvious that counsel was mistaken and misled the trial court. Defendant's counsel objected to the filing of a new amendment as not timely and for the further reason that it raised an issue not previously in the case and on which defendant was not prepared to defend. Plaintiff's request for permission to amend was denied. The request was renewed at the close of the testimony and was again denied. Plaintiff's requested instruction covering the subject was refused by the court.

I. In claiming error in these respects plaintiff argues from separate but related foundations. He claims prejudicial error was committed when the court and counsel failed to acquaint themselves with the pleadings. The presiding judge had not presided at the first trial. He was not as familiar with the status of the pleadings as counsel. The written amendment referred to had not been in the first trial but was filed subsequent to the ruling for a new trial and twenty months prior to the second trial.

Plaintiff's counsel advised the court that there was no amendment relating to defendant's lights. The error in this respect was not chargeable to the trial court. The court had the right to rely on the statement of counsel as to the issues presented by his own pleadings. · Counsel apparently forgot what he had previously filed and any mistake as to what was in the record is not, under the circumstances, chargeable to the trial court. The general rule is stated in 66 C. J. S., New Trial, section 82b, in these words:

"As a general rule, mistake, error of judgment, inadvertence, or negligence of counsel in presenting or defending a case is insufficient cause for awarding a new trial."

No issue as to this April 1960 amendment was ever raised in the trial court. "An issue or contention not raised in the lower court will not be considered for the first time on appeal." Branderhorst v. County Board of Education, 251 Iowa 1, 3, 99 N.W.2d 433, 434.

II. The only issue raised in the trial court was plaintiff's right to amend during the second trial and this is the only issue properly before us.

On the 26th of August, 1961, long before the case came on for retrial, plaintiff filed a certificate of readiness for trial certifying that the issues were joined and the case ready for trial in all respects. The certificate of readiness is to advise the court that issues have been joined and that preliminary proceedings have been completed and also to advise adverse counsel to the same effect. Pursuant to his own mistaken understanding of the record plaintiff's counsel after trial had begun and again after the evidence had been concluded attempted to amend by adding an additional specification of negligence.

Plaintiff argues vigorously, supported by substantial authority, that amendments to conform to the proof are ordinarily allowed and infrequently disallowed. That such is the law is not denied. The cases are in accord with the provisions of rule 88, Rules of Civil Procedure, which provides in part as follows:

"The court, in furtherance of justice, may allow later amendments, including those to conform to the proof and which do not substantially change the claim or defense."

In Ver Steegh v. Flaugh, 251 Iowa 1011, 1021, 103 N.W.2d 718, 724, it is said:

"The trial court has a broad discretion in the matter of allowing amendments to pleadings, especially those to conform to the proof. We have frequently said that to allow such an amendment is the rule, to deny it is the exception."

While the allowance of amendments may be the rule and denial the exception, it does not follow that the denial of an amendment is reversible error. A broad discretion is vested in the trial court and we will not interfere unless there is an abuse of that discretion. Here we do not find such an abuse of discretion as to require reversal. The accident happened on February 1, 1959, the second trial of this case began two years and ten months later. The case had been tried once and on retrial counsel was obviously using the transcript of the evidence on the first trial and knew the substance not only of what the witnesses for the plaintiff would say, but also what the defendant would say. The attempted amendment injected into the issues an entirely new specification of negligence. It was not timely,

nor can plaintiff claim that the issue was made possible by any newly discovered evidence. See Dumont v. Peet, 152 Iowa 524, 527, 132 N.W. 955. There was no such abuse of judicial discretion as to require a reversal, nor was there any such miscarriage of justice resulting therefrom as to require a new trial.

After two trials and a second appeal of the same case, we must examine and reexamine what has happened before order· ing a third trial. A litigant is, of course, entitled to a fair trial, but his position in claiming that alleged error was so prejudicial as to cause a miscarriage of justice is somewhat weakened after two jury trials.

In the first trial plaintiff with no specification of negligence as to defendant's headlights obtained a verdict in a small amount. In the second trial he received nothing. The verdict can hardly be charged to the failure to submit an additional specification of negligence.

It is not for us to speculate as to the basis for the jury's verdict, but if the jury followed the court's instructions, and there is nothing in the record to indicate otherwise, the submission of an additional specification of negligence would not have influenced the jury's verdict.

A plaintiff is entitled to have submitted to the jury such specifications of negligence as are properly pleaded and supported by the evidence. This is so the plaintiff may have the benefit of consideration by the jury of all the evidence necessary to establish negligence.

In the case at bar, however, the sufficiency of the defendant's headlights is of small, if any, importance. The plaintiff offered no proof relating to defendant's headlights. The only evidence touching thereon was the rather confused cross-examination of the defendant as to how far he thought he could see ahead of his car. Proof of inadequate headlights, if there was such proof, was unnecessary and pure surplusage on the question of defendant's negligence. The defendant admitted that his car was "fishtailing" and out of control. In Instruction No. 11 the court told the jury that failure to have control constituted negligence and in Instruction No. 8 the court told the jury that

it was sufficient proof of negligence if the plaintiff proved any one of the submitted specifications.

Under the court's Instruction No. 7 the first proposition plaintiff had to prove was that defendant "was negligent in some particular as charged by the plaintiff." This proposition was established by admission. The court properly instructed the jury on the propositions necessary for recovery. There was no reversible error in the rejection of a charge and instruction on a proposition already established.

III. Plaintiff claims error in the admission of testimony of the deputy sheriff as to the condition of plaintiff's taillights and their lack of visibility. This goes to the question of plaintiff's contributory negligence.

█ █ Plaintiff's vehicle was parked or stopped on a roadway or shoulder thereof. The time was about 7 p.m. It was dark. The law required the display of a red light visible from a distance of 500 feet to the rear. Section 321.395, Code of Iowa. Failure to comply with this provision of the law constitutes negligence. Kisling v. Thierman, 214 Iowa 911, 243 N.W. 552. Whether there was in fact negligence contributing to the accident was for the jury to determine. The court so instructed.

█ The deputy sheriff who investigated the accident was called as a witness for defendant. He testified at some length. Concerning plaintiff's taillights he said "My observation of the taillights were inadequate taillights." This answer was received without objection. A little later he testified that in setting out flares to warn traffic he went back about 100 feet. From there the taillights "were visible but very dimly visible." He testified that in his work as deputy sheriff he had experience "in checking taillights to see how far back to the rear they were visible." Then over objection he said "From back 100 feet as dimly as they were lighted I would say they wouldn't be visible at 500." The witness was stating his opinion based on his observations and experience. How far away a light can be seen is something that can be learned from practice and experience. If the witness was testifying from what he had learned from experience we cannot say that there was an abuse of discretion in the admission of the testimony.

Nielsen v. Wessels, 247 Iowa 213, 229, 73 N.W.2d 83, holds that the ruling is largely in the discretion of the trial court.

In Brower v. Quick, 249 Iowa 569, 577, 88 N.W.2d 120, 125, it is said:

"The receipt of opinion evidence, lay or expert, rests largely in the sound discretion of the trial court. Waterloo Sav. Bk. v. Waterloo, C. F. & N. R., 244 Iowa 1364, 1374, 60 N.W.2d 572, and cases cited. Also see, for a complete discussion of the law and authorities on such opinion evidence, Grismore v. Consolidated Products Co., 232 Iowa 328, 342, 5 N.W.2d 646, 654.

"It is true generally that an opinion is not to be received upon an ultimate issue of fact if the jury is itself equally qualified to pass upon such an issue. McKeever v. Batcheler, 219 Iowa 93, 97, 257 N.W. 567; Danner v. Walters, 154 Neb. 506, 48 N.W.2d 635. However, considerable leeway is allowed in this field of evidence for the reason that no matter how the opinion question is phrased or formulated, it remains an opinion which the jury is at liberty to reject. Therefore, only in clear cases of abuse would an admission of such evidence be found prejudicial. Such does not appear in the case before us.

"It is well settled in Iowa that if a witness is possessed of special training, experience, or knowledge in respect to the matter under investigation, and if his opinion based on evidentiary facts will be of aid to the jury in reaching a correct conclusion, and if the opinion expressed does not bind the jury to accept it, but leaves the ultimate conclusion to be determined by the judgment of the jurors themselves, such testimony is not improper nor prejudicial. Hackman v. Beckwith, Grismore v. Consolidated Products Co., Waterloo Sav. Bk. v. Waterloo, C. F. & N. R., and Brady v. McQuown, all supra."

See also Hamdorf v. Corrie, 251 Iowa 896, 101 N.W.2d 836, and Long v. Gilchrist, 251 Iowa 1294, 105 N.W.2d 82.

We find no error in the admission of the challenged testimony.

IV. Plaintiff claims error in the court's refusal of a new trial in a rather omnibus charge that it appeared without dispute that there was negligence, proximate cause and freedom from contributory negligence.

We have held in Division II, supra, that there was proof of negligence. It is not denied that plaintiff was injured. These, however, are only two of the propositions plaintiff must establish to support recovery. There were jury questions on controverted issues. We do not find that plaintiff was denied a fair trial as a result of abuse of discretion, errors of law or mistakes of fact committed by the trial court or that the verdict is not sustained by sufficient evidence.

For definition of "abuse of discretion" see Jacobsen v. Gamber, 249 Iowa 99, 101, 86 N.W. 2d 147.

Our sympathy for plaintiff who was badly injured and who after two jury trials failed to recover damages does not justify us in reversal in the absence of reversible error.

V. Plaintiff claims error in the submission to the second jury of any issues or propositions except the amount of plaintiff's damage.

A case may be remanded for determination of a single issue such as damage. Such was the situation in Feldhahn v. Van DeVenter, 253 Iowa 1194, 115 N.W.2d 862.

In the Feldhahn case there was a verdict and judgment for plaintiff. Plaintiff's motion for new trial based primarily upon the inadequacy of the verdict was overruled. Plaintiff appealed. Defendant did not appeal. Defendant's liability was not in issue in this court and was taken as a verity. We reversed on the only issue before us, i.e., the amount of the verdict, and remanded for further proceedings on the single issue.

The situation was unique and the procedure unusual but not in conflict with Larimer v. Platte, infra.

In the case now before us an entirely different situation appears. See Mundy v. Olds, supra.

After the first trial plaintiff's motion for new trial was sustained by the trial court and defendant appealed. It was conceded that the verdict was inadequate "if defendant is legally liable." The appeal was based solely upon the issue of contributory negligence. Defendant claimed that plaintiff was contributorily negligent as a matter of law and a motion for judgment notwithstanding the verdict should have been sustained.

We agreed with the trial court that there was an issue of fact and a question for the jury.

In affirming the order for a new trial there was no limitation of issues to be tried. The case stood for retrial the same as an original case.

The rules are stated in 66 C. J. S., New Trial, in several sections. Section 226 says: "Broadly speaking, on a new trial the case is tried de novo and as though there had been no previous trial. * * * The trial court has the same power with reference to matters connected with the trial of the case as it had before the first trial was had; it is the duty of the court to proceed as in the first instance, and the new trial is had as though there had never been a previous one." Section 230 says: "Where a motion for a new trial has been sustained, the issues stand as though they had never been tried, the cause is to be tried de novo, and the whole case, including the issues of fact at the former trial, is open for hearing and determination." In section 231 it is said: "The fact that a verdict has been rendered for one of the parties does not change the burden of proof or the quantum of evidence required on a new trial."

Our decisions are in accord with the general rule. Larimer v. Platte, 243 Iowa 1167, 1175, 1176, 53 N.W.2d 262.

As this case proceeded to trial plaintiff offered evidence attempting to establish negligence of defendant, proximate cause, plaintiff's freedom from contributory negligence and damage. There was no claim in the trial court that the issues were limited. There were no objections to the instructions stating the issues for determination by the jury. Not until plaintiff-appellant's brief and argument was filed in this court was there any claim that some of the issues were res judicata.

Plaintiff's claim of error because of a full submission of the issues in the trial court is neither tenable nor timely.

The case is—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.