Jerry GREENWELL, Appellant,

v.

MEREDITH CORPORATION et al.,
Appellees.

No. 54585.

Supreme Court of Iowa.

Sept. 9, 1971.

Louis A. Lavorato and Williams & Hart, Des Moines, for appellant.

Thomas A. Finley and Duncan, Jones, Riley & Davis, Des Moines, for appellees.

REES, Justice.

This is a negligence case for injuries sustained by plaintiff while working in the publishing plant of defendant. Plaintiff brought a law action on the theory defendant was negligent in failing to provide a safe place for the plaintiff to perform work while plaintiff was an employee of Iowa Sheet Metal Contractors. Services of plaintiff's employer had been retained to install a blower in the business premises of defendant. Trial was had to a jury and at the close of plaintiff's case a verdict was directed in favor of defendant. A motion for new trial later filed by plaintiff was overruled. We reverse.

In his petition plaintiff alleges that on June 17, 1966 while in the employ of Iowa Sheet Metal Contractors he sustained injuries as a consequence of a fall from a ladder on the premises of defendant Meredith Corporation, which the parties agree is the successor in interest of the other two defendants. Defendant had secured the services of plaintiff's employer to make certain changes in the trimmer waste system at defendant's plant, including the making of an opening in a wall for a blower mouth. Plaintiff contends that while working on a ladder for the purpose of making an opening in a wall, the ladder slipped away from the wall causing plaintiff to fall a distance of 16 to 18 feet to the floor below. He asserts defendant was negligent in:

(a) failing to provide a safe place for him to perform the work; (b) failing to warn him (the plaintiff) of the danger from the slippery floor and from materials and air being propelled through a blower against the ladder on which he was working; (c) failing to shut off the air being propelled through said blower and permitting said waste material to be propelled into the room striking the ladder plaintiff was working upon; and, (d) allowing the floor upon which the ladder was resting to be in a slippery and dangerous condition from an accumulation of gluey, waxy and starchy materials.

In its answer, defendant asserted it owed no duty to the plaintiff in any of the particulars specified in the petition as plaintiff was an employee of an independent contractor who was in full charge of all details of the work to be performed, and be-

cause the alleged hazards referred to in plaintiff's petition were open and obvious and were understood and appreciated by plaintiff. Defendant further asserts plaintiff was guilty of contributory negligence precluding him from recovering damages, and that any hazards as may have existed in connection with the carrying on of the work were open and obvious and as apparent to plaintiff as they were to defendant. It further avers the hazards were understood and appreciated by plaintiff and that plaintiff assumed the risk of injury and is thereby precluded from recovery.

This appeal comes to us on 16 claimed errors; however, we conclude the assigned errors present six basic areas for consideration: (1) the determination of plaintiff's status while on defendant's premises, and what duty, if any, was owed plaintiff by defendant; (2) whether the trial court erred when it ruled as a matter of law that a jury question had not been generated on the question of defendant's negligence; (3) whether defendant's negligence, if any, was the proximate cause of plaintiff's injuries; (4) whether the trial court erred when it ruled as a matter of law that plaintiff was contributorily negligent and was thereby barred from recovering; (5) whether the trial court erred when it held as a matter of law that plaintiff had assumed the risk; and (6) whether the trial court erred in excluding the opinion testimony of plaintiff's lay witness, one Blythe.

■ I. Defendant's motion for a directed verdict was dictated into the record at the close of plaintiff's evidence, and embraced multiple grounds. The resistance to the motion for directed verdict was likewise dictated into the record. Although the motion involved separate grounds or parts, the several grounds were not ruled on separately but the motion to direct was sustained generally irrespective of the requirements of rule 118, Rules of Civil Procedure. We are therefore unable to divine which grounds were upheld and as a consequence the record before us is unduly long

and extended. Counsel and this court are entitled to know the grounds upon which a motion to direct is sustained so that arguments on appeal may be confined to those grounds. The motion for a new trial filed later was overruled generally without reference being made to the separate grounds or parts irrespective of the fact that the motion for new trial involved several grounds. While we have declined to reverse in any case for the trial court's noncompliance with rule 118, R.C.P., we shall henceforth insist that the rule be strictly complied with to avoid necessity of appellants arguing each and every ground of a motion to direct a verdict, and shall require trial courts to make clear to parties and to this court what grounds of the motion were sustained so that arguments on appeal can be confined and limited thereto.

■■ II. Our review in this appeal is on assigned errors, and in considering the sufficiency of the evidence of the negligence of the defendant as against the motion for a directed verdict, we must view the evidence in the light most favorable to the plaintiff. Rule 344(f) 2, R.C.P.; Ling v. Hosts, Inc., 164 N.W.2d 123, 124 (Iowa 1969); McWilliams v. Beck, 220 Iowa 906, 909, 262 N.W. 781, 782. As to the review of the trial court's ruling on plaintiff's motion for a new trial, we recognize the trial court had a broad but not unlimited discretion in determining whether the disposition of the case effectuated substantial justice between the parties.

■ III. Turning now to the determination of the status of plaintiff, we observe plaintiff was employed by and under the direct supervision of Iowa Sheet Metal Contractors who had independently contracted to perform work for defendant. Defendant had furnished the plans and specifications to Iowa Sheet Metal Contractors, but Iowa Sheet Metals retained control of the performance of the service and was indisputably an independent contractor. In determining whether a person is an independent contractor or an em-

ployee, we look first as to who has the right to control the physical conduct of the service. If this control is vested in the person giving service, he is an independent contractor; if it is vested in the employer, then the person rendering the service is an employee. Sanford v. Goodridge, 234 Iowa 1036, 1042, 13 N.W.2d 40, 43; Schlotter v. Leudt, 255 Iowa 640, 643, 123 N.W.2d 434, 436–437; Banks v. Carrell, 241 Iowa 786, 795, 43 N.W.2d 142, 147–148; 41 Am.Jur. 2d, Independent Contractors, section 1, pp. 437–439.

In Hanson v. Town & Country Shopping Center, Inc., 259 Iowa 542, 546, 144 N.W. 2d 870, 873, this court said, "An invitee is either a public invitee or a business visitor. A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." See Restatement, Second, Torts, § 332; see also Bradt v. Grell Const., Inc., 161 N.W.2d 336, 346 (Iowa 1968); Meader v. Paetz Grocery Co., Inc., 259 Iowa 1101, 1105, 147 N.W.2d 211, 215.

The evidence in this case clearly establishes the independent contractor (Iowa Sheet Metal Contractors) was a business invitee. The real issue is whether the plaintiff as an employee of an independent contractor comes within the business-invitee class.

 Defendant contends the general rule is that the owner of premises is not liable for injuries to employees of independent contractors and owed no special duty of care to provide a safe place for the plaintiff to work, citing Reilly v. C. & N. W. Ry., 122 Iowa 525, 98 N.W. 464, and Humpton v. Unterkircher & Sons, 97 Iowa 509, 66 N.W. 776. The last referred to cases involved injuries resulting solely from the negligence of an independent contractor. In Loveless v. Town of Wilton, 193 Iowa 1323, 1331, 188 N.W. 874, 877, this court held an employee of an independent contractor, hired by the owner of

the premises, is within the business-invitee class while on the premises of the owner. A contractee is liable for injuries sustained during the course of his employment by a servant of an independent contractor or subcontractor by reason of the negligence of the contractee, or of his servants acting within the scope of their employment, or by the combined fault of the contractor and contractee. 57 C.J.S. Master and Servant § 601, p. 373, and cases therein cited. The weight of authority supports the rule that, independently of contract or statute, one who is having work done on his premises by an independent contractor is under the obligation to use ordinary care to keep the premises in a reasonably safe condition for the servants of the contractor * * *. See 57 C.J.S. Master and Servant § 603, pp. 374, 375.

"An invitee is entitled to expect that the possessor will take reasonable care to ascertain the actual condition of the premises and having discovered it, either to make it reasonably safe by repair or to give warning of the actual condition and risk involved therein. Therefore an invitee is not required to be on the alert to discover defects * * *." Restatement, Second, Torts, section 343, comment (d), p. 217.

"A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement, Second, Torts, section 343A, p. 218. See also 41 Am.Jur.2d, Independent Contractors, section 27, p. 784.

Relying upon the assertion that the slipperiness of the floor was "known and obvious", defendant contends this conclusively establishes no duty was owed to the plaintiff and it was therefore not negligent. We must consider the very narrow question as to whether the defects were in fact "known and obvious" to the plaintiff, and whether defendant could anticipate

harm to plaintiff despite the obvious conditions. If in fact plaintiff is shown not to have known of the slippery nature of the floor or did not appreciate the risk presented, then the owner of the premises may be exposed to liability. Hanson v. Town & Country Shopping Center, Inc., *supra*, 259 Iowa at 549, 144 N.W.2d at 873; Capener v. Duin, 173 N.W.2d 80, 83 (Iowa 1969); Adams v. R. S. Bacon Veneer Co., 162 N.W.2d 470, 473 (Iowa 1968); 54 Iowa Law Review 659.

■ An explanation of the terms "known" and "obvious" is supplied in comment (b) to Restatement, 2d, Torts, section 343A, as follows:

"The word 'known' denotes not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves. Thus the condition or activity must not only be known to exist, but it must also be recognized that it is dangerous, and the probability and gravity of the threatened harm must be appreciated. 'Obvious' means that both the condition and the risk are apparent to and would be recognized by a reasonable man in the position of the visitor, exercising ordinary perception, intelligence, and judgment."

"There are * * * cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm. * * * In such cases the fact that the danger is known or is obvious, is important in determining whether the invitee is to be charged with contributory negligence or assumption of the risk.

*It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances."* (Emphasis supplied.) We therefore conclude plaintiff was within the class of a business invitee, and was owed a duty of reasonable care by defendant. The fact the particular injury which resulted to him was not foreseeable does not eliminate the duty to warn of known dangers. All defendant need know is that the condition of the premises may result in some injury to some person and the duty to exercise reasonable care is imposed. Ives v. Swift & Co., 183 N.W.2d 172, 176 (Iowa 1971), and cases there cited.

IV. Plaintiff urges trial court erred in directing a verdict and inferentially finding that as a matter of law there was insufficient evidence to generate a jury question on defendant's negligence. In Ives v. Swift & Co., *supra,* 183 N.W.2d at p. 176, on a different but analogous factual situation, this court very recently held it was for the jury to decide whether a person acting reasonably could fail to recognize the dangerous nature of a surface and thus fail to protect himself. In the record before us it appears plaintiff swept the floor clear of debris before setting up the ladder; that he used a new ladder with rubber corrugated feet to prevent slipping, and after having set the ladder up both he and his supervisor stepped and bounced upon the ladder to satisfy themselves it was secure.

■ In viewing the evidence presented in its most favorable construction to the plaintiff as required by R.C.P. 344(f)2; Ling v. Hosts, Inc., *supra,* 164 N.W.2d at 124; and in considering the propriety of a directed verdict, we believe a jury question was generated. We feel a jury might have been justified in finding plaintiff was acting as a reasonable and prudent person in not perceiving or appreciating the danger presented by the condition of the floor and that defendant could have reasonably fore-

■■■■■■■

seen that the nature and condition of the floor could result in injury to plaintiff or some other person.

V. In urging affirmance on the question of the direction of the verdict by the trial court, defendant contends its actions or omissions were too remote to be a proximate cause of the accident and plaintiff's resultant injuries, or that there was an intervening factor which was a proximate cause of the same.

■ From a review of the record we conclude there was sufficient evidence to permit the jury to find defendant's negligence was a causative factor in the accident resulting in plaintiff's injuries, and that the jury should have been permitted to pass upon the same. Henneman v. Mc-Calla, 260 Iowa 60, 67–68, 148 N.W.2d 447, 452 and citations therein; Chenoweth v. Flynn, 251 Iowa 11, 17–18, 99 N.W.2d 310, 314. See Restatement, Second, Torts, Sec. 431.

VI. Defendant asserts that even if it were negligent, recovery by plaintiff is barred by his own contributory negligence and that trial court was correct in directing a verdict on that ground.

In Ives v. Swift & Co., *supra,* 183 N.W. 2d at 176, this court said, "Defendant in urging his claim that plaintiff was guilty of contributory negligence as a matter of law is confronted with the onerous burden of satisfying two often repeated rules: (1) Contributory negligence will be decided as a matter of law only in the exceptional case in which such negligence is so palpable, flagrant and manifest that reasonable minds may fairly reach no other conclusion. (citing cases). (2) It ' is seldom proper, in the absence of an admission, for the court to instruct the jury that a party with the burden of proof has established his claim as a matter of law. (see citations)." See also 57 C.J.S. Master and Servant § 617, p. 417.

■ From the record evidence we believe a jury could reasonably conclude plaintiff was acting in a reasonable prudent manner in setting up the ladder as he did and that his contributory negligence had not been established as a matter of law. The burden of proof is upon defendant to prove plaintiff was contributorily negligent. Sec. 619.17, Code; Bauman v. City of Waverly, 164 N.W.2d 840, 844–845 (Iowa 1969). Knowledge of a defect or danger is not conclusive proof of contributory negligence. Adams v. R. S. Bacon Veneer Co., *supra,* 162 N.W.2d at 474.

The trial court erred in ruling as it did on the question of plaintiff's contributory negligence; that issue should properly have been submitted to the jury.

VII. Assumption of risk and contributory negligence are so closely related to the issue of primary negligence that they often depend upon the same reasoning. Capener v. Duin, *supra,* 173 N.W.2d at p. 86, and cases there cited. Defendant asserts plaintiff knew the risk involved, but voluntarily proceeded despite it and thus assumed the risk within the rule stated in Restatement, Second, Torts, section 496D. However, in comment (e) to the cited section of the Restatement, we find, "Whether the plaintiff knows of the existence of the risk or whether he understands and appreciates the magnitude and its unreasonable character is a question of fact, usually to be determined by the jury under proper instructions from the court. The court may itself determine the issue only where reasonable men could not differ as to the conclusion."

We have heretofore said a party with the burden of proof seldom establishes it as a matter of law. Knudsen v. Merle Hay Plaza, Inc., 160 N.W.2d 279, 283 (Iowa 1968), and cases there cited. Viewing the evidence in the light most favorable to plaintiff, as we are required to do, we find it would be reasonable for a jury to determine the plaintiff had not appreciated the risk involved, and did not volun-

tarily assume the risk of injuries from the slippery floor. The trial court therefore erred in holding as a matter of law plaintiff had assumed the risk.

VIII. Finally, plaintiff asserts trial court erred in excluding the opinion testimony of plaintiff's co-worker, one Blythe. Blythe was not present in the room when the ladder fell and did not see it fall. He was nonetheless asked to express an opinion as to how the accident happened. Objection to such question was sustained and an offer of proof was thereafter made by plaintiff, objection to which was likewise sustained.

■ The general rule governing opinion testimony is to allow the same if it is of the nature that will aid the jury in determining the case and is based upon some special training, experience or knowledge of the witness in respect to the matter under investigation. Brower v. Quick, 249 Iowa 569, 577, 88 N.W.2d 120, 125; Grismore v. Consolidated Products, 232 Iowa 328, 342, 5 N.W.2d 646, 654; Henneman v. McCalla, *supra*, 260 Iowa at 78, 148 N.W. 2d at 458; 19 Drake Law Review 245–274.

■ It is however well settled that it is within the trial court's discretion to rule on the admissibility of opinion evidence, and this court on appeal will interfere only if the discretion has been abused and is manifestly prejudicial to the complaining party. Grismore v. Consolidated Products, *supra*, 5 N.W.2d at 654; Mundy v. Olds, 254 Iowa 1095, 1104, 120 N.W.2d 469, 475; Henneman v. McCalla, *supra*, 148 N.W.2d at 458.

■ Plaintiff's offer of proof, which was overruled by the trial court, in our opinion would not have been of any additional aid to the jury. The trial court was correct and was acting within its discretion in excluding the opinion testimony of the witness Blythe.

We therefore conclude the trial court erred in holding as a matter of law: (1) that no duty was owed plaintiff by defendant; (2) that defendant was not negligent; (3) that defendant's negligence was not the proximate cause of plaintiff's injuries; (4) that the plaintiff was contributorily negligent and thus barred from recovery; and (5) that plaintiff had assumed the risk. The motion to direct at the close of plaintiff's evidence should not have been sustained.

This case is therefore reversed and remanded for new trial.

Reversed and remanded.

MOORE, C. J., and STUART, MASON, LeGRAND and UHLENHOPP, JJ., concur.

BECKER, J., concurs specially.

RAWLINGS and REYNOLDSON, JJ., concur in Division II thereof.

BECKER, Justice (concurring specially).

I concur in the result.

I. The discussion of plaintiff's status as a business invitee would be unnecessary if the court could see fit to adopt the rationale of California courts. See special concurrence in Ives v. Swift & Co., 183 N.W. 2d 172, 178 (Iowa 1971).

II. The assumption of risk defense should be eliminated from this case at this time. There is no distinction between contributory negligence and assumption of risk as theories of defense as applied to this case. Defendant is not entitled to assert the same defense in two different ways and receive an instruction on each variation. As we said in Holmes v. Gross, 250 Iowa 238, 251, 93 N.W.2d 714, 722. "This is an ordinary case of negligence and contributory negligence and the matter of as-

sumption of risk should not be injected into the case." For fuller development of the history of encroachment of the assumption of risk doctrine into ordinary negligence cases, see dissent in Wright v. Peterson, 259 Iowa 1239, 1249, 146 N.W.2d 617, 623 (1967).

RAWLINGS and REYNOLDSON, JJ., concur in Division II hereof.