**Norma MARTIN and Lyle Martin,
Plaintiffs–Appellants,**

v.

**NASH FINCH COMPANY,
Defendant–Appellee.**

No. 87–1040.

Court of Appeals of Iowa.

May 31, 1988.

Russell R. Newell of Russell R. Newell Law Office, Columbus Junction, for plaintiffs-appellants.

George E. Wright of Napier, Wright & Wolf, Fort Madison, for defendant-appellee.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HAYDEN, Presiding Judge.

Plaintiffs, Norma and Lyle Martin, appeal the order of the district court granting the motion for summary judgment of the defendant, Nash Finch Company. The Martins assert a legitimate issue of material fact existed regarding the duty of Nash Finch as a possessor of property to exercise due care to remedy conditions on the property which allegedly were unreasonably dangerous to an invitee. We affirm.

On December 24, 1984, around 11:30 a.m., Norma Martin left an adjacent store and began to enter an Economart store, owned by Nash Finch. The entrance door

to the store was blocked open. Just inside the entrance was a puddle of water created by snow tracked into the store. It was beginning to snow and there was a slight accumulation of snow outside. Several feet beyond the doorway and the puddle was a carpet inside the store. A mop and bucket used by the store's employees to periodically mop the puddled area were also near the entrance. However, to enter the store and reach the carpet, one had to walk through the puddle. Mrs. Martin saw the puddle and proceeded to walk through it. When she did so, her feet slipped out from under her. She hit her head on the railing between the entry and exit doors and landed on her left side. The force of the fall dislocated her right hip. Mrs. Martin had been unable to hold the railing, which was to her left, because she was carrying packages and her purse in her left hand. She acknowledged she wouldn't have fallen if she had hung onto the door handle with her right hand.

On December 16, 1986, the Martins filed this negligence action. After the parties exchanged interrogatories and Mrs. Martin's deposition was taken, Nash Finch moved for summary judgment. The district court granted this motion and this appeal followed.

Nash Finch asserted in the district court and asserts here the case of *Weidenhaft v. Shoppers Fair of Des Moines, Inc.*, 165 N.W.2d 756 (Iowa 1969), governs the situation here. In *Weidenhaft*, also a slip-and-fall case, it had been snowing and customers had tracked snow into the store, creating a puddle at the entrance. *Id.* at 758. Just before the puddle was a rubber mat. While on the rubber mat stomping the snow off her shoes, the plaintiff saw the puddle. As the plaintiff stepped off the rubber mat and into the puddle, she was looking to see where her daughter had gone and might have been distracted by large signs providing directions for customers. Subsequently, she slipped on the water and fell. There were no railings for her to grab and break her fall. However, the store had been periodically mopping the area of the puddle, although it was un-

known when it had last been mopped before plaintiff fell. *Id.*

The Iowa Supreme Court held the trial court should have sustained the defendant's motion for a directed verdict. *Id.* at 762. The court noted:

In the ordinary case, an invitee who enters land is entitled to nothing more than knowledge of the conditions and dangers he will encounter if he comes. If he knows the actual conditions, and the activities carried on, and the dangers involved in either, he is free to make an intelligent choice as to whether the advantage to be gained is sufficient to justify him in incurring the risk by entering or remaining on the land. The possessor of the land may reasonably assume that he will protect himself by the exercise of ordinary care, or that he will voluntarily assume the risk of harm if he does not succeed in doing so. Reasonable care on the part of the possessor therefore does not ordinarily require precautions, or even warning, against dangers which are known to the visitor, or so obvious to him that he may be expected to discover them.

*Id.* at 760 (quoting Restatement (Second) Torts § 343A, comment (e)). The court recognized, however, that:

[I]f the only path provided by the possessor of real property is so inherently dangerous he should anticipate, notwithstanding the obviousness of the condition, a risk of harm to an invitee attempting to use such path with due care, he must, in the exercise of reasonable care for the safety of his invitees take further steps to protect them from such risk and cannot rely on the inherently dangerous condition to turn them back.

*Id.* at 760–61. The court concluded, after examining the record, there was no proof "the condition which faced plaintiff here contained an unreasonable hazard which possessor should have anticipated she as an ordinary reasonable prudent person would fail to appreciate." *Id.* at 761.

The Martins contend the facts in this case distinguish it from *Weidenhaft* and, in any event, the holding in *Weidenhaft* has

been limited by our supreme court in recent cases.

Factually, the Martins find it significant that in *Weidenhaft* there was an accumulation outside of 3.3 inches of snow and that the store had rubber mats at the entrance. They note that in this case the accumulation of snow was only slight, therefore requiring less mopping, and the store did not have mats at the entrance to allow invitees to remove snow from their shoes before traversing the puddle. We are not persuaded these slight differences render *Weidenhaft* inapplicable. In all other respects, the two cases are identical, although there is no evidence in this case Mrs. Martin might have been distracted just as she stepped into the water.

The Martins also contend the holding in *Weidenhaft* has been limited by *Conrad v. Board of Supervisors*, 199 N.W.2d 139 (Iowa 1972), and *Greenwell v. Meredith Corp.*, 189 N.W.2d 901 (Iowa 1971). They rely on the following statement in *Conrad:* "[*Weidenhaft* has] been limited somewhat by our more recent view that the possessor may be negligent if he should anticipate harm despite the open and obvious nature of the condition in question." *Conrad*, 199 N.W.2d at 143. They also rely on the following statement in *Greenwell:* "All defendant need know is that the condition of the premises may result in some injury to some person and the duty to exercise reasonable care is imposed." *Greenwell*, 189 N.W.2d at 906.

We do not agree *Weidenhaft* did not address anticipated harm despite the open and obvious nature of the condition. As noted above, *Weidenhaft* did discuss harm anticipated by the possessor. *Weidenhaft*, 165 N.W.2d at 760–61. *Weidenhaft* also stated:

> If ... the risk is such that a reasonable man would not anticipate it would present an unreasonable hazard to an invitee traversing the known condition using due care, it is not necessary for the possessor to take further steps in order to discharge his duty to the invitee.

*Id.* at 761. The court concluded, after reviewing facts nearly identical to this case:

> The record here shows only the wet, dirty floor normally encountered in Iowa under these weather conditions. We do not believe the possessor would as a reasonable prudent person anticipate the condition would present an unreasonable risk to a person using due care. Precautions taken here were sufficient to discharge his duty to exercise due care for plaintiff's safety.

*Id.* Thus, the court determined, as a matter of law, the condition presented, as here, did not create a harm which the possessor of the property should have anticipated and which would have required more precautions than were taken. As such, this situation is distinguishable from that posed by *Greenwell*, where the defendant knows (anticipates) "the condition of the premises may result in some injury to some person." *Greenwell*, 189 N.W.2d at 906.

Although we do not necessarily agree with the decision in *Weidenhaft*, we are constrained to follow it as we find it controlling. We conclude, therefore, the district court did not err by granting the motion for summary judgment of Nash Finch.

AFFIRMED.