Angelina JONES, Plaintiff–Appellant,

v.

**SCHNEIDER NATIONAL, INC.,** Defendant–Appellee.

Schneider National Carriers, Inc., Third–Party Plaintiff– Appellee,

v.

**Elmer Fehrle d/b/a Fehrle Trucking Co., Third–Party Defendant– Appellee.**

No. 09–1813.

Court of Appeals of Iowa.

March 30, 2011.

Jean C. Lawrence of White, Stone, Aasgaard & Lawrence, P.L.C., Marion, for appellant.

Raymond Rinkol, Jr. of White Law Firm, P.L.C., Cedar Rapids, and Craig A. Levien of Betty, Neuman & McMahon, P.L.C., Davenport, for appellees.

Heard by VAITHESWARAN, P.J., and EISENHAUER and DANILSON, JJ.

DANILSON, J.

Angelina Jones was injured while working for an independent contractor providing trucking services for Schneider National, Inc., and now appeals from the summary judgment ruling entered in favor of Schneider National. Jones contends the district court erred in concluding an employer's liability for negligent hiring of an independent contractor does not extend to employees of the independent contractor. Although an employer may be liable for the negligent hiring of an independent contractor, we agree with the district court that liability should not extend to the contractor's employees. Even if liability was extended to injuries suffered by such employees, the facts in the summary judgment record are inadequate to render Schneider National liable for its selection of the independent contractor. According-

ly, we affirm the district court's dismissal of Jones's negligent hiring claim.

## I. Background Facts and Proceedings.

In March 2004, Schneider National, Inc. was a truckload carrier and transportation logistics company that maintained numerous regional operating centers in the United States. Schneider National contracted with Fehrle Trucking as an independent contractor to provide trucking services from the Cedar Rapids area. On July 14, 2006, Jones (an employee of Fehrle Trucking) was walking in the yard at Fehrle Trucking when she was run over by a semi-trailer truck being driven by Elmer Fehrle, the owner of Fehrle Trucking.

At that time, Elmer Fehrle had been in the trucking business for over fifty years and had driven approximately 125,000 to 150,000 miles per year. Mr. Fehrle had not had one driving accident while on the job, and most of the speeding tickets he had received were issued while he was going to help other drivers in need. In 1996, Mr. Fehrle received a Landstar Ranger ten-year safe driver award, which meant he did not have one claim against him for ten years.

When Fehrle Trucking contracted with Schneider National, it warranted that its drivers were competent and properly licensed. The agreement also provided that Mr. Fehrle and his drivers were legally qualified and without "conditional" or "unsatisfactory" Federal Motor Carrier Safety Administration (FMCSA) safety ratings. Schneider National also conducted an independent investigation that concluded Fehrle Trucking was listed in the FMCSA database as a "legally qualified" independent contractor that had a satisfactory rating.

Jones filed a workers' compensation claim against Fehrle Trucking. By October 2008, Fehrle Trucking had paid in excess of $336,000 to Jones for workers' compensation benefits. Jones also brought suit against Schneider National in district court, alleging that Schneider National had not exercised reasonable care in selecting Fehrle Trucking as an independent contractor. Schneider National sought and obtained a summary judgment dismissing Jones's claim. The trial court implicitly adopted Restatement (Second) of Torts section 411, however ruled no duty extends to employees of the subcontractor. Jones now appeals.

## II. Scope and Standard of Review.

We review the district court's ruling on Schneider National's motion for summary judgment for correction of errors at law. Iowa R.App. P. 6.907. The court correctly granted the motion if no genuine issue of material fact existed, and Schneider National was entitled to judgment as a matter of law. Iowa R. Civ. P. 1.981(3); *Hills Bank & Trust Co. v. Converse*, 772 N.W.2d 764, 771 (Iowa 2009). In reviewing the court's actions, facts are viewed in the light most favorable to Jones. *Hunter v. City of Des Moines Mun. Hous. Auth.*, 742 N.W.2d 578, 584 (Iowa 2007). However, Jones bore the responsibility of setting forth any specific facts that showed there was a genuine issue for trial. Iowa R. Civ. P. 1.981(5). For Jones's claims to survive summary judgment there must exist a fact upon which a reasonable jury could return a verdict in her favor. *Wallace v. Des Moines Indep. Sch. Dist. Bd. of Dirs.*, 754 N.W.2d 854, 857 (Iowa 2008).

## III. Restatement (Second) of Torts section 411.

■ Jones argues the district court erred in dismissing her negligent hiring claim against Schneider National for its selection of Fehrle Trucking as an independent contractor. Jones contends the

claim was authorized under Restatement (Second) of Torts section 411 (1965). That section states as follows:

> An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor
>
> (a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or
>
> (b) to perform any duty which the employer owes to third persons.

Restatement (Second) of Torts § 411, at 376.

Iowa courts have not had occasion to adopt this specific Restatement provision, although our supreme court has relied on Restatement principles on other similar issues. *See, e.g., Goebel v. Dean & Assocs.*, 91 F.Supp.2d 1268, 1275 (N.D.Iowa 2000) (general discussion of the Iowa Supreme Court's recognition of Restatement (Second) of Torts §§ 409–429). The court has cited Restatement section 411 with apparent approval in *Duggan v. Hallmark Pool Manufacturing Co.*, 398 N.W.2d 175, 179 (Iowa 1986), but concluded section 411 was not applicable because certain facts necessary to support such a claim were absent. *Villegas v. Alewelt, Inc.*, 524 F.Supp.2d 1138, 1147 (S.D.Iowa 2005) (recognizing the *Duggan* court's refusal to adopt Restatement section 411).

Section 411 requires proof that an employer was negligent in selecting a "contractor." In *Duggan*, evidence necessary for a claim based on section 411 was lacking because the relationship was between an employer and a "franchisee." *Duggan*, 398 N.W.2d at 179. In reaching its conclusion, the supreme court determined:

> It is inappropriate on this record to speculate whether, in a proper case, we would subscribe to section 411. If we did so it would not follow that the theory should be extended to include liability

for the negligent selection of franchisees. At this point we are far from willing to accept plaintiffs' contention that one selling commercial rights under a franchise agreement *should be held to the same standard of care that would bind a person selecting a contractor.*

*Id.* (emphasis added).

Jones has also accurately summarized other instances where our supreme court has recognized a third party's right to recover against an employer of an independent contractor:

> When the employer has control over portions of the property, *Greenwell v. Meredith Corp.*, 189 N.W.2d 901, 905 (Iowa 1971), when the work for which the independent contractor is hired is likely to create a particular risk of harm to others, *Clausen v. R.W. Gilbert Const. Co., Inc.*, 309 N.W.2d 462, 466 (Iowa 1981), and where the employer of the independent contractor keeps control of a particular part of the work, *Downs v. A & H Const., Ltd.*, 481 N.W.2d 520, 523–24 (Iowa 1992).

In this case, we are called upon to decide whether Iowa law recognizes section 411 as an appropriate guide to determine whether a duty exists when a person is injured by an independent contractor that was negligently selected by the employer. *See Heinz v. Heinz*, 653 N.W.2d 334, 339 (Iowa 2002) ("In general, we look to the Restatement not as the law but as a guide."). Jones argues Schneider breached its duty of care in its negligent hiring of Fehrle Trucking as its independent contractor. Section 411 articulates various factors to help in the determination of whether Schneider failed "to exercise reasonable care to employ a competent and careful contractor" when it hired Fehrle Trucking. Because we are compelled under these facts to determine whether section 411 should be adopted, we conclude

our supreme court's prior recitations provide ample authority for the adoption of section 411 as a standard of care that binds an employer in selecting an independent contractor.

## IV. Employee of Independent Contractor.

■ In the instant case, the question becomes whether the use of the phrase "third parties" in Restatement (Second) of Torts section 411 should be interpreted to include protection to an employee of an independent contractor.

On this issue, the district court determined section 411 does not include protection for employees of an independent contractor. As the district court observed:

[E]ven the Oklahoma Court cited by Plaintiff did not extend the duty with regard to hiring of subcontractors to protect the employees of the subcontractor which is the situation here. In *Young v. Bob Howard Auto., Inc.*, 52 P.3d 1045, 1050–51 (Okla.Civ.App.2002), the Court refused to extend the protection given third party victims of negligently hired subcontractors to employees of that subcontractor because, among other things, it gives greater rights to the subcontractor's employees than the principal's employees when they are subject to a workers' compensation system. For that and the other reasons cited therein, this Court finds the *Young* case persuasive and will not extend the duty set out in Restatement (Second) of Torts § 411 to employees of the subcontractor.

Upon our review, it appears that the majority of jurisdictions that have considered the issue have determined that employers of independent contractors are not vicariously liable to the employees of the independent contractor, at least as a general rule. *See, e.g., Fleck v. ANG Coal Gasification Co.*, 522 N.W.2d 445, 450 (N.D.1994) (examining the question in regard to Restatement sections 416 and 427); *Young v. Bob Howard Auto., Inc.*, 52 P.3d 1045, 1050 (Okla.Civ.App.2002) (noting that the majority of courts have declined to impose such a duty).

In so finding, courts have rationalized that the purposes of section 411 and similar Restatement sections (assuring a remedy to injured "others" or "third persons") are already satisfied when the injured party receives workers' compensation benefits. *Privette v. Superior Court*, 5 Cal.4th 689, 21 Cal.Rptr.2d 72, 854 P.2d 721, 727–28 (1993); *Fleck*, 522 N.W.2d at 451. As several courts have noted:

The Restatement provides little guidance on the meaning of "others" [or "third persons"] in this context. However, a Special Note included in an early tentative draft of the Restatement would have clarified that employees of independent contractors were specifically excluded:

"[I]t is still largely true that the defendant has no responsibility to the contractor's servants. One reason why such responsibility has not developed has been that the workman's recovery is now, with relatively few exceptions, regulated by workmen's compensation acts, the theory of which is that the insurance out of which the compensation is to be paid is to be carried by the workman's own employer, and of course premiums are to be calculated on that basis. While workmen's compensation acts not infrequently provide for third-party liability, it has not been regarded as necessary to impose such liability upon one who hires the contractor, since it is to be expected that the cost of the workmen's compensation insurance will be included by the contractor in his contract price for the work, and so will in any case ultimately be borne by the defendant who hires him.

Again, when the Sections in this Chapter speak of liability to 'another' or 'others,' or to 'third persons,' it is to be understood that the employees of the contractor, as well as those of the defendant himself, are not included."

*Fleck v. ANG Coal Gasification Co.,* 522 N.W.2d 445, 455 n. 2 (N.D.1994) (quoting Restatement (Second) of Torts, Special Note to Ch. 15 (Tentative Draft No. 7, 1962)); *see also Zueck v. Oppenheimer Gateway Props., Inc.,* 809 S.W.2d 384, 389–90 (Mo.1991) (quoting Restatement (Second) of Torts, Special Note to Ch. 15 (Tentative Draft No. 7, 1962)).

Jones argues that notwithstanding workers' compensation benefits, Iowa employees may recover against co-employees for gross negligence (Iowa Code section 85.20) and against third parties (Iowa Code section 85.22) (2009). Jones therefore reasons that her recovery of workers' compensation benefits should not prevent her instant claim. However, we believe it is appropriate to distinguish an employer of an independent contractor from other third parties subject to suit pursuant to section 85.22. The circumstances are distinguishable because, in all likelihood, the cost of the workers' compensation insurance has been passed on to the employer in the contract with the independent contractor unlike other third parties. For these reasons, we agree with the district court that Restatement (Second) of Torts section 411 does not include protection for employees of an independent contractor.

### V. Evidence in Resistance to Motion for Summary Judgment.

■ Even assuming, *arguendo,* that section 411 was interpreted to proffer such protection, we conclude that Jones has not presented evidence to create a genuine issue of material fact that Schneider National is liable for its selection of Fehrle Trucking as an independent contractor.

Pursuant to section 411, an employer has a duty to select a competent and careful contractor. Comment (a) defines the words "competent and careful contractor" as a contractor who possesses the knowledge, skill, experience, and available equipment which a reasonable person would realize that a contractor must have in order to do the work which he or she is employed to do without creating unreasonable risk of injury to others, and who also possesses the personal characteristics which are equally necessary. Restatement (Second) of Torts § 411, cmt. (a), at 376–77.

In her affidavit, Jones noted it was "common knowledge" that Mr. Fehrle had a hearing loss. She further stated that Mr. Fehrle "had diabetes and, therefore, only had a conditional CDL." She noted eleven moving violations on Mr. Fehrle's driving record.

None of this evidence presents sufficient facts to create a genuine issue of material fact as to the alleged incompetence or unfitness of Fehrle Trucking on the date of hire. Diabetes (even if Mr. Fehrle is diabetic, which he refutes) does not, by itself, equate to placing others at an unreasonable risk of injury. The same can be said about a hearing loss, as the affidavit does not state whether Mr. Fehrle's hearing loss was or was not corrected by a hearing aid or device.

We further decline to assume the bare allegation that Mr. Fehrle, or Fehrle Trucking, has a "conditional" safety rating automatically arises to the level of negligent hiring.[1] Moreover, several FCSMA

---

**1.** The FMCSA conducts periodic compliance reviews and issues carriers a safety rating of "satisfactory," "conditional," or "unsatisfac-tory." A conditional rating indicates that some rules have been violated, and that the carrier's operating authority will be revoked

documents in the record indicate Fehrle Trucking has a "satisfactory" safety rating. The record evidence also reflects that Schneider National conducted an independent investigation to determine that Fehrle Trucking was a "legally qualified" independent contractor. Some traffic violations for an over-the-road carrier or operator are not sufficient to support the conclusion of negligent hiring, and we cannot expect an employer to obtain a driving record of each driver of such a company.

We also observe that nearly all of Jones's allegations regarding Fehrle Trucking's unfitness rely on information within the time frame of 2006–2008. Here, it is undisputed that Schneider National contracted with Fehrle Trucking on March 8, 2004. In order to recover based on a claim of negligent hiring, the plaintiff must prove that "the employer knew, or in the exercise of reasonable care should have known, of . . . unfitness *at the time of hiring.*" *See, e.g., Godar v. Edwards*, 588 N.W.2d 701, 708 (Iowa 1999) (emphasis added).

Jones presented no evidence that Mr. Fehrle or Fehrle Trucking had a poor safety record, inadequate equipment, or lacked sufficient expertise and experience to act as a trucking services provider under the contract. *See* Restatement (Second) of Torts § 411, cmt. (a), at 376–77. Accordingly, the summary judgment record fails to reflect a genuine issue of material fact to indicate that Schneider National had reason to doubt that Fehrle Trucking was a safe motor carrier at the time of hiring. *See, e.g., Wallace*, 754 N.W.2d at 857 (noting that a fact must exist upon which a reasonable jury could return a verdict in the plaintiffs favor in order for a claim to survive summary judgment).

In her reply brief, Jones also contends "there is case authority that the obligation to exercise due care is an ongoing duty." However, Jones's petition does not allege negligent retention, only negligent hiring. The viability of Jones's cause of action on the basis of negligent retention was not raised or addressed by the district court, and we conclude this issue has not been preserved for our review. *Metz v. Amoco Oil Co.*, 581 N.W.2d 597, 600 (Iowa 1998) ("Our preservation rule requires that issues must be presented to and passed upon by the district court before they can be raised and decided on appeal.").

## VI. Conclusion.

Upon our review, we apply the Restatement (Second) of Torts section 411 to determine the standard of care that binds an employer in selecting an independent contractor. However, we decline to interpret section 411 to include protection for employees of an independent contractor. Even assuming that section 411 would extend to include such protection, in this case, Jones has failed to present evidence to create a genuine issue of material fact as to the alleged incompetence or unfitness of Fehrle Trucking at the time of hire. For these reasons, we conclude the district court did not err in dismissing Jones's negligent hiring claim.

**AFFIRMED.**

unless it presents evidence of necessary corrective action. The main consequences are monetary—higher insurance rates and fines—

until the FMCSA upgrades a carrier to a satisfactory rating. It varies by the shipper as to whether it will load conditional carriers.